HENRY E. PARKER v. ADDISON ARMSTRONG, ARTHUR B ARMSTRONG AND LUMAN CASE.

*Pleading—Declaration—Cause of action—Variance—False pretenses.*

1. A declaration must be fatally defective that sets up no sufficient cause of action.

2. Testimony that is not within the averments of the pleading is objectionable.

3. A declaration for false pretenses must show (1) what they were ; (2) that defendants made or authorized them; (3) that they were material; (4) that they were false and fraudulent and deceived plaintiff; (5) what defendants obtained by them. Nothing outside of this belongs to the issue, whatever force it may have as circumstantial evidence.

Error to Genesee. (Newton, J.)    Oct. 15.—Oct. 22.

CASE.   Defendants bring error.   Reversed.

*Long & Gold* and *Geer & Williams* for appellants. As to the form of the declaration referred to : *Stoflet v. Marker* 34 Mich. 314; and as to the gist of the action on false pretenses : *Marsh v. Falker* 40 N. Y. 562; *McKown v. Furga-*

*son* 47 Ia. 636 ; *Hall v. Bradbury* 40 Conn. 32 ; *Belcher v. Costello* 122 Mass. 190 ; *Homer v. Perkins* 124 Mass. 433 ; *Bristol v. Braidwood* 28 Mich. 192.

*D. P. Halsey* and *Hicock & Stevens* and *Geo. H. Durand* for appellee. Defects in a declaration if not demurred to, are cured by the verdict : *Kean v. Mitchell* 13 Mich. 207 ; *Dickinson v. Dustin* 21 Mich. 561 ; *Hoard v. Little* 7 Mich. 468 ; *Stange v. Clemens*, 17 Mich. 402 ; *Beebe v. Knapp* 28 Mich. 53 ; in an action based on false pretenses any testimony calculated to throw any light on the transactions, or any testimony tending to show similar frauds at or about the same time will be received : *Hall v. Naylor* 18 N. Y. 588 ; *Cary v. Hotaling* 1 Hill 311 ; *Ballard v. Fuller* 32 Barb. 71 ; *Jackson v. Timmerman* 12 Wend. 299 ; 3 Wait's A. & D. 447 ; *Beebe v. Knapp* 28 Mich. 53.

CAMPBELL, J. This action is brought to recover against defendants the damages which plaintiff claims to have suffered by reason of being induced by false pretenses to purchase certain notes against one Jonathan Crapser, which are asserted to be worthless. He recovered below, and defendants bring error. The record is made voluminous by the introduction of a great deal of testimony concerning the dealings of third persons who are not parties to this suit, or referred to in the pleadings, as well as concerning the alteration of the notes, which if made fraudulently might have of itself furnished a distinct and sufficient ground of recovery, but which is not set up in the declaration.

As many of the assignments of error relate to the insufficiency of the declaration to warrant a large portion of the testimony, it will be necessary to consider it. It was objected on the argument that this consideration would not be warranted without a demurrer. But if no sufficient cause of action is set up, the declaration must necessarily be fatally defective. And in any case it is permissible to object to testimony which is not within the averments even of a good pleading.

The cause of action being the successful use of false pretenses to get plaintiff to pay for the notes passed off on him, the declaration must, in order to support such a judgment

as was rendered, show—*first*, what pretenses were made; *second*, that they were made by the defendants in person or by authority and design; *third*, that they were material; *fourth*, that they were false and fraudulent and deceived complainant; and *fifth*, what defendants obtained by them. All of these are necessary conditions of recovery. It is equally clear that nothing outside of these requisites can form any part of the issue, whatever may be its bearing as circumstantial evidence.

The declaration contains first, a statement that defendants owned three past-due notes against Crapser for $2193.73, and Crapser gave the defendants Armstrong, at their request, small notes in their stead, and at the time informed them that he could not, if pressed, pay twenty-five cents on the dollar of his debts; that the Armstrongs knew from his statements and other information, that he could not pay the notes, and that they were worthless, and they had the notes made in small amounts for the purpose of more easily disposing of them, and defrauding persons to whom they might be able to sell them, and afterwards did fraudulently dispose of a large number of them to persons in Genesee county, acting in the disposal through defendant Luman Case and other agents.

Stopping at this point, it is evident from the course of the trial that this turning of large notes into small was allowed considerable weight during the trial. But it is not competent to rely on any lawful action as a basis of recovery, and there is a fallacious course of reasoning relied on to support its use in this case. It was entirely lawful for the Armstrongs to have their large notes converted into small ones, and it concerned no one else why they did it, unless the conversion itself was a means of fraud, which it certainly could not be. The sale of each note, large or small, must depend entirely on its own circumstances, and the sale to one man, honest or fraudulent, could not affect any other sale which had no connection with it and was not induced by it. Mr. Parker, when he bought the notes which he purchased, could not hold defendants responsible for any fraud which did not

operate on his own mind and govern his action, and the size of the notes or their origin if valid, as they confessedly were valid, could not be considered as important. The admission of evidence of the several sales of notes to other persons, and in some instances at second-hand and by strangers to the pleadings, went much beyond any possible warrant. As the notes were genuine and good against Crapser, it is not plain what room there was for the doctrine of proof of scienter by such dealings. The fraud, if committed, was not in selling genuine notes, but in deceiving Parker by representations made to him alone. He had no concern in any other.

Proceeding with the declaration, we find it averred that Case, acting in concert with and with knowledge and consent of the Armstrongs, by means of the fraudulent premises before stated, and by means of certain false and fraudulent representations then and there made on October 19, 1883, to wit, by telling Parker that Crapser was responsible, and that the said " Armstrong " said he was worth from $25,000 to $30,000, and " by means of other false and fraudulent actions and representations " induced Parker to purchase one of the notes of $75 ; and that on November 6th " by means of the fraudulent premises hereinbefore stated, and by means of certain other false and fraudulent representations then and there made, and by means of the false and fraudulent statements " made on the 19th of October, induced plaintiff on the 6th of November, to buy another note of $100, and on the 7th of November, a further one of $200.

This constitutes all the substance of the declaration. The second count is not quite so specific as the first.

This declaration is fatally defective—*first*, in not containing averments denying the truth of the representations specifically set out; and *second*, in not showing that the fraud was caused by these representations. It is not averred anywhere that these alone would have induced the purchase, and the testimony very clearly shows that they did not. It will not do in a declaration to aver fraudulent representations and not aver what they were. The defendant is entitled to know what is relied on, and the plaintiff cannot make vague

charges and wait till the trial to inform defendants of them for the first time. It is also defective in giving no means of identifying the notes purchased.

It appears from the testimony that these defects were not unimportant in fact. It is very questionable whether Parker's testimony concerning the October purchase shows that he bought in reliance on Case's statements wholly, if at all ; and the proof does not come up to the averments so far as made. It shows affirmatively that some of the statements averred to have been made in October were not then made. And not only is there a difference between saying what a man is worth, and what he is rated at in another place (which was the representation sworn to, and which was true in fact, and not false), but in the November dealing some very important statements of Case are given, which, if true, would have had much more effect on any one's mind than what are set out in the declaration.

We do not think it necessary to go further. The record contains a great deal of testimony which, in our view, has no legitimate bearing on the issues made, and the effect of which must have been prejudicial. There is no reason why a person claiming to be defrauded cannot tell how it was done, and what he relied on. The danger in all such cases is that a defendant may be called on to meet what he is not charged with, and may be convicted on testimony which does not establish the charge which he comes prepared to meet. While there should be fair treatment of the plaintiff's case, yet it is he that makes it and he should use some care to make it justly.

The judgment must be reversed and a new trial granted.

The other Justices concurred.