## TERRITORY OF MONTANA, RESPONDENT, *v.* EDWARD W. UNDERWOOD, APPELLANT.

PLEADING, CRIMINAL — *Indictment — False pretenses — Confessions — Evidence.* — The defendant had been convicted of the crime of obtaining money under false pretenses from a corporation. The indictment for the offense (the substance of which appears in the opinion of this court) was objected to as insufficient. The chief evidence upon which the defendant was convicted was his own confession, which was made under the following circumstances: The officer who had the prisoner under arrest told him that he had better confess the crime to the superintendent of the corporation, and give evidence against two other persons implicated, and that he thought the superintendent, if he did, would withdraw the charge, "or ease it as light as he possibly could." *Held,* that the indictment sufficiently charged the offense. *Held,* that the promises made to the defendant were certainly inducements to the confession, and vitiated the same, and that the confession was erroneously admitted in evidence.

*Appeal from the Second Judicial District, Deer Lodge County.*

### STATEMENT.

The appellant in this case, Edward W. Underwood, was convicted in the District Court of Deer Lodge County, at the October term, 1887, for obtaining money under false pretenses. He was sentenced to one year in the penitentiary at hard labor, and to pay the costs of the prosecution.

The confession referred to in the opinion was made by Underwood to Thomas Trevaille, the officer who arrested him and who had him in charge, on his way to jail.

McCONNELL, C. J. — In this case no counsel appeared for the prisoner, but the court felt that it was a duty it owed to the defendant to examine the record, and see that he had had a legal trial. The defendant in this case was convicted December 23, 1887, of the crime of obtaining money under false pretenses, and his punishment fixed at imprisonment in the penitentiary for the period of one year. Motions in arrest of judgment, and for a new trial, were made and overruled, and an appeal taken to this court. The motion in arrest of judgment was made upon the ground that the indictment did not charge a public offense. The indictment is for a false pretense. The charging part of it is as follows, to wit: "Upon their oaths do present and say, that one Edward W. Underwood, and one William M. Hooper, late of the county of Deer Lodge, Mon-

tana Territory, on or about the first day of November, A. D. 1887, at the county of Deer Lodge, and Territory of Montana, unlawfully, knowingly, and designedly, did falsely pretend to the Granite Mountain Mining Company, a corporation organized and existing under the laws of the Territory of Montana, that William M. Hooper had then and there chopped, cut, and had ready for delivery to the said Granite Mountain Mining Company, 190 6-8 cords of wood, then and there of the value of $1.50 per cord, by means of which said false pretenses the said Edward W. Underwood and William M. Hooper did then and there unlawfully and feloniously obtain from the said Granite Mountain Mining Company, a certain check of the said company for the sum of $190.80, drawn upon the First National Bank of Helena, Montana Territory, the property of the said Granite Mountain Mining Company, and did then and there induce the said Granite Mountain Mining Company to pay to the Buskett Mercantile Company, for the use and benefit of the said William M. Hooper, the sum of $95.24, and of the value of $95.24, with intent then and there in them, the said Edward W. Underwood and William M. Hooper, to unlawfully, feloniously, knowingly, and designedly cheat and defraud the said Granite Mountain Mining Company; whereas, in truth and in fact the said William M. Hooper had not chopped, cut, and had ready for delivery to the said Granite Mountain Mining Company 190 6-8 cords of wood as aforesaid, or any number of cords of wood, save and except the number of 96 cords, of the value of $1.50 per cord, which they, said Edward W. Underwood and William M. Hooper, then and there well knew, at the time they made the pretenses aforesaid; the said Granite Mountain Mining Company then and there relying upon, and believing said pretenses to be true."

Section 199 of the Criminal Laws of the Territory provides that "any person or persons who shall knowingly and designedly, by any false pretense or pretenses, obtain from any other person or persons any chose in action, money, goods, wares, chattels, effects, or other valuable thing, with intent to cheat or defraud any such person or persons of the same, shall be deemed a cheat, and on conviction thereof shall be punished in the same manner and to the same extent as for feloniously stealing the money or

property so received, and also be sentenced to restore the property so fraudulently obtained, if it can be done." An indictment for obtaining money or other valuable thing by "false pretenses" must state what the false pretense was; that it was done with intent to defraud some person or corporation; that the pretense was not true; that it was by such person believed; and that such person was defrauded thereby out of something of value, naming it and its value. It will be seen from an inspection of our statute that, in order to meet all its substantial requirements, the indictment must aver in due form that the defendant knowingly and designedly used some false pretense, and thereby obtained from the Granite Mountain Mining Company the check described, and procured it to pay the money, as charged, to the Buskett Mercantile Company, for the benefit of one of the defendants; that this was done with the intent to cheat and defraud said company. All of this the indictment clearly contains. The false pretense is clearly set forth; that it was done to defraud the Granite Mountain Mining Company; that the pretense was not true, and that the defendant knew it was not true; that the company believed it; that it paid the check to the defendant, and the debt of Hooper to the Buskett Mercantile Company, being deceived and misled by said pretense; and that the check was of a certain value, and was the property of the said Granite Mountain Mining Company. The indictment covers every ground required by the law, with much particularity, and the motion in arrest of judgment was properly overruled. (2 Bishop's Criminal Procedure, § 132, et seq.)

The prosecution offered in evidence a confession of the defendant, alleged to have been made to the witness, Thomas Trevaille. This was objected to by the counsel of the defendant, upon the ground that it was not voluntary, but obtained by promises made to the prisoner. Upon the *voir dire* examination of the witness, touching the manner in which the confession was made, he testified as follows, to wit: "I told Underwood that I thought it would be better for him to go back and tell Captain Plummer all about it; that I thought he would withdraw it, or ease it as light as he possibly could. I thought the principal thing Plummer wanted to know was how much the company

was beat." He also stated that he told the prisoner that he thought Captain Plummer, who was the superintendent of the Granite Mountain Mining Company, would help him out of it, if he would give his evidence against the other two. The objection was overruled, and the statement, made by the prisoner after these promises had been made to him, was allowed to go to the jury. This confession furnished the chief evidence upon which the prisoner was convicted. We think this was error, for which this case must be reversed and remanded for a new trial. It is elementary law that before a confession can be received in evidence in a criminal case, it must appear that it was voluntary, and this is a preliminary question, which addresses itself to the court, when objection is made upon that ground. The following is a rule governing the admissibility of this class of testimony, laid down by Eyre, C. B., and approved by Greenleaf on Evidence, to wit: "A free and voluntary confession is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt, and therefore it is admitted as proof of the crime to which it refers; but a confession forced from the mind, by the flattery of hope, or the torture of fear, comes in so questionable a shape, when it is to be considered as the evidence of guilt, that no credit ought to be given to it; and therefore it is rejected." The important inquiry is, whether the confession has been made under the influence of hope or fear, brought to bear upon the prisoner's mind by third persons. When these influences are direct and strongly made the courts uniformly reject the confession, and this is especially so when made under arrest, to the officer having the prisoner in charge, or to other persons having authority in the premises. But as the language used, implying hope or fear, varies in strength, sometimes offering but little inducement, or being calculated to excite but little fear, courts have differed in their judgments as to the admissibility of a confession under such circumstances. (1 Greenleaf on Evidence, § 219, et seq.) The rule in Tennessee is thus laid down in the case of *McGlothlin* v. *State*, 2 Cold. 223: "The admissibility of confessions is made to depend upon their being free from all suspicion of having been obtained by threats of severity, or promise of favor, and of any influence, even the minutest, having been exercised over the

mind of the prisoner in order to induce a disclosure." (*Mc-Glothlin* v. *State,* 2 Cold. 223; *State* v. *Fields,* Peck, 140; *State* v. *Doherty,* 2 Over. 80.) In this case, the officer who had the prisoner under arrest tells him "it would be better for him to go back and tell Captain Plummer all about it; that he thought he would withdraw it, or ease it as light as he possibly could; that he thought that Captain Plummer would help him out of it, if he would give his evidence against the other two, for the very reason that Plummer had told Kelly he would do so. And he thought he would do so for Underwood." These promises were certainly inducements that clearly vitiate the confession of the prisoner. Let the case be reversed, and remanded for a new trial.

*Judgment reversed.*

LIDDELL, J., BACH, J., and DE WOLFE, J., concur.