ISAAC PFORZHEIMER ET AL. v. ALFRED T. SELKIRK ET AL.

*Fraud—Conspiracy—Pleading—Declaration.*

1. In an action for fraud, the declaration must definitely and issuably set forth the facts complained of, and relied upon for a recovery.

2. In an action against more than one defendant for alleged false statements by which the plaintiff was defrauded, the declaration should aver a conspiracy, and enumerate the false statements and circumstances relied upon as creating the liability, with particularity; and, if not made by all of the defendants, it should be averred that they all colluded and conspired together in such a manner as to authorize those actually making them to do so, and that they were in furtherance of the common design and fraudulent purpose.

3. In an action for false representations or statements, the declaration must aver that the plaintiff believed them to be true, and, so believing, relied upon them, and was thus induced to take the action claimed to have resulted to his damage.

Error to Eaton. (Hooker, J.) Submitted on briefs May 17, 1888. Decided October 19, 1888.

Case. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Manly C. Dodge* and *Lyman H. McCall,* for appellants, contended:

1. The rule laid down in *Jewett v. Petit,* 4 Mich. 508, that a creditor who is induced by the fraudulent representations of his debtor to compromise his claim may, on discovery of the fraud practiced, retain the amount paid and maintain an action on the case for damages, has never been departed from by this Court; citing *Walsh v. Sisson,* 49 Mich. 423.

2. Persons who combine in the perpetration of a fraud may be sued jointly; citing *Bridge Co. v. Van Etten,* 36 Mich. 210; *Creed v. Hartmann,* 29 N. Y. 591; *Low v. Mumford,* 14 Johns. 426.

3. Technicalities raised by demurrer are no longer looked upon with favor by the courts; citing *Hanselman v. Carstens,* 60 Mich. 187.

4. The cause of action in this case is the successful use by defendants of false representations to induce plaintiffs to assign their claim for one-third of the amount due them, and the declaration must show the pretenses made; that they were made by defendants in person, or by their authority; that they were material; that they were false and fraudulent, and deceived plaintiffs; and what the defendant obtained by them; citing *Parker v. Armstrong,* 55 Mich. 176.

5. If a declaration in a civil action for conspiracy does not show the specific means to be used, it must accurately describe the illegal purpose aimed at, and definitely and issuably set forth the facts complained of; citing *Schwab v. Mabley,* 47 Mich. 572.

6. A declaration alleging the false statements of defendants as inducing to the injury of plaintiffs should aver a conspiracy, and enumerate the false statements; citing *Jackson v. Collins,* 39 Mich. 557.

7. Counsel contend that an application of the foregoing rules shows the sufficiency of the declaration.

8. The words "falsely and fraudulently" of themselves imply knowledge of the falsehoods, to render defendants liable for the consequences of the fraud; citing *Beebe v. Knapp,* 28 Mich. 53.

9. Whoever falsely pretends to have positive knowledge of the existence of a particular fact makes a willful representation which he knows to be false, and if made with intent that another shall rely and act upon it, and it is acted upon, the maker is guilty of deception and fraud; citing 2 Add. Torts, § 1177; *Beebe v. Knapp*, 28 Mich. 53; *Stone v. Covell*, 29 Id. 359.

10. Fraud lies in a representation made with the knowledge that it is received in a sense that makes it deceptive; citing *Match v. Hunt*, 38 Mich. 1.

11. Under a general allegation of damage, plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of; citing 1 Suth. Dam. 763, and cases cited.

12. An erroneous claim of damages does not make a declaration demurrable; citing 1 Suth. Dam. 762, 763; and it is enough on demurrer if plaintiff state a case entitling him to nominal damage: Id. 759.

13. The declaration is sufficiently specific to enable plaintiffs to recover under the general allegation the damages resulting from the fraud, to wit, 66⅔ per cent. of their full claim; citing *Russell v. Phelps*, 42 Mich. 377; *Heiser v. Loomis*, 47 Id. 16.

*Phillip T. Van Zile,* for defendants Almeda Whitford and John Levy.

*D. P. Sagendorph,* for defendant Levy.

[Counsel for defendants contended for the rules stated in the opinion.—REPORTER.]

SHERWOOD, C. J.    This action was brought by the plaintiffs against the defendants to recover damages alleged to have been sustained by the plaintiffs by means of the fraudulent acts and pretenses of the defendants, by which the plaintiffs were induced to accept 33⅓ per cent. of their claim against the firm of Alfred T. Selkirk and James L. Whitford, in full settlement of such claim. The allegations and averments in the declaration are as follows :

The defendants Selkirk and Whitford were a firm, and for some time previous to December 17, 1885, were engaged.

in the business of retail dealers in jewelry and silver and plated ware, in the city of Charlotte, in Eaton county, and were at that time indebted to the plaintiffs in the sum of $623.99, which was then due to said plaintiffs, and which they had requested the said firm to pay, but they had, refused.

The plaintiffs aver that at this date the firm was doing a safe and prosperous business, and that their stock of goods would then have inventoried at the cost price from $8,000 to $10,000, and against which there was no incumbrance. Plaintiffs further aver that the defendants Selkirk & Whitford, fraudulently intending to deceive the plaintiffs, on December 18, 1885, gave a mortgage to the defendant Almeda Whitford upon all their stock of jewelry, merchandise, and fixtures, for the payment to her of the sum of $2,886.45 on or before March 1, 1886; and that the said firm of Selkirk & Whitford on the same day gave another mortgage, purporting to be subject to the other, on the same property, to defendant John Levy, for the payment of $2,000 on or before December 28, 1885; and that both of said mortgages were duly recorded in the city of Charlotte.

That the said Selkirk & Whitford, after contriving together with the said Almeda Whitford and John Levy, and with the intention to cheat and defraud the said plaintiffs, did, on December 26, 1885, make an assignment of all their property, except that which was exempt from execution, which they owned, to Elzey Flora, for the benefit of the creditors of Selkirk & Whitford, and filed the same with the clerk of Eaton county; that, including said mortgages, it was made to appear by the assignment that said firm's total indebtedness was $16,740.82, and the assets so assigned were appraised at $4,248 22.

That on March 13, 1886, said indebtedness then being due and owing to the plaintiffs from the said firm, the

defendants, **well knowing the premises,** falsely and fraudulently represented to the plaintiffs that said firm were wholly insolvent and unable to pay any part of these debts; that said mortgages were made and delivered in good faith, and for the consideration expressed, and were valid subsisting liens upon the property therein described; that the assignment was made in good faith, and without preferences.

And the plaintiffs further aver that they,—

"Confiding in said defendants, and the representations made to them by said defendants, as aforesaid, and the facts set forth in said chattel mortgages and the said assignment,"—

Afterwards, on March 13, 1886, did agree with the said Selkirk & Whitford and the other defendants to release and discharge the plaintiffs' indebtedness to said firm by the payment by said Levy to plaintiffs of the sum of $33\frac{1}{3}$ per cent. of the said claim, and at the request of the defendants they assigned their said claim to defendant Levy, receiving such payment therefor.

And plaintiffs further aver that said mortgages were not made in good faith, nor was either of them a valid and subsisting lien upon the property described, and was well known so to be by the defendants; that they were not given to secure any indebtedness of said firm, but to hinder and delay plaintiffs in the collection of their debt; and the assignment was not made in good faith, and was not of all the assignors' property, and was not made without preferences, and was fraudulent and void, and was made with the fraudulent design to obtain a release of the claims against said firm at a less sum by far than was due thereon.

That at the time of the assignment to Levy said firm owned, in their own right, a large amount of other property and goods and choses in action and money, held by

some other person for them, to the amount of $25,000,. not mentioned in the assignment, and which said firm fraudulently concealed from the plaintiffs. And they further aver that said defendants represented to plaintiffs that the money paid on said release was the money of said Levy. And they further aver that said money was not Levy's, but that of said firm, and that this fact was known to all the defendants; and that by such fraudulent representations and concealments of defendants they have been damaged to the amount of $2,000.

The foregoing is the substance of the first count in the declaration, and the second count sets up the same representations and facts which are relied upon to maintain the action in the first count.

To the declaration the defendants Selkirk & Whitford pleaded the general issue. The defendants Almeda Whitford and John Levy appeared separately in the cause, and each filed a general demurrer to the declaration. The demurrers were argued before Judge Hooker, who made the following decision in the case:

"The declaration is in case, charging defendants with combining, and by means of certain false pretenses and tokens inducing the plaintiffs, who were creditors of defendants Selkirk and James L. Whitford, to assign their claim to defendant Levy for a sum much less than its face. A declaration of this kind should show:

"1. That the representations were made by all the defendants, or that by reason of their collusion they may be treated as participating in them.

"2. That they were made with the design of influencing the plaintiffs' conduct.

"3. That they were believed to be true by plaintiffs, and were relied upon by them, and that they induced the desired action on their part.

"4. That the representations were known to be untrue by the defendants when made.

"5. That the plaintiffs suffered damage from the action that they were induced to take, which, being special, should be specially pleaded.

"6. That the damage followed proximately the decep-
tion.

"As the declaration fails to sufficiently state these
things, the demurrers will be sustained, with costs, to be
taxed.

"Plaintiffs may file an amended declaration within
thirty days, upon payment of costs."

Judgment was entered according to the foregoing con-
clusions, and the plaintiffs bring the case to this Court
by writ of error.

It is only the sufficiency of the declaration, as against
the defendants Almeda Whitford and John Levy, that is
now before us for consideration. We think the circuit
judge made a proper disposition of these demurrers.

It appears from the record that Mrs. Whitford's mort-
gage was made on December 18, 1885, and the same day
the other was made to Mr. Levy; that on the 26th day
of the same month the assignment of the property was
made to Elzey Flora; and not until March 13 thereafter
the alleged fraudulent transaction occurred which is made
the subject of this action.

It is the fraudulent obtaining of the settlement of the
plaintiffs' claim for $33\frac{1}{3}$ cents on the dollar that consti-
tutes the grievance in this case complained of; and there
is no averment in the declaration that the mortgages and
assignment were made with the knowledge of the parties
demurring, for any such purpose, nor that the making of
the mortgages was a part of the same transaction had by
defendants Levy and Mrs. Whitford with a view to bring-
ing about the claimed fraudulent compromise.

It must be recollected the indebtedness claimed against
these demurring defendants was not contracted by rea-
son of the alleged false representations, or of any repre-
sentations, made by said defendants demurring. They
were under no legal or equitable obligation to pay the
debt compromised, or any portion thereof; and, had they

made all the representations charged in regard thereto, they could not have been made liable. Especially must this be so as long as the declaration does not allege that the plaintiffs were ignorant of the facts represented, and there is no averment in the declaration that the plaintiffs were misled by the representations, whatever they were. The representations are alleged to have been made by Selkirk and Mr. Whitford, and it is not averred that the plaintiffs believed them.

It is not sufficient to charge a person with cheating and defrauding another only, or with contriving and confederating with others to defraud, to make out a case of fraud, but the declaration must definitely and issuably set forth the facts complained of, relied upon for a recovery; and a declaration alleging as the cause of action false statements, where there is more than one defendant, should aver a conspiracy, and enumerate the false statements and the circumstances which are supposed to create the liability, with particularity; and, if not made by all the defendants, it should be averred that they all colluded and conspired together in such manner that the false representations by those who did not participate in making them were authorized by them, and in furtherance of the common design and fraudulent purpose.

It should also be averred that the false statements were believed to be true by the plaintiffs, and, thus believing, were relied upon by them, and that they induced the action taken by the plaintiffs, which resulted in damage to them. In examining this declaration, we find an absence of nearly all of these essential requisites, so far as it relates to these defendants, and we think their demurrers must be sustained.

The judgment at the circuit will therefore be affirmed.

The other Justices concurred.