STATE ex rel. CRAWFORD, et al., Appellants, *v.* MINNESOTA & MONTANA LAND AND IM-PROVEMENT CO., Respondent.

[Submitted Sept. 27, 1897.  Decided Oct. 11, 1897.]

*Mandamus—Pleading—Fraud—Legal Conclusions.*

Allegations in the complaint that relators were induced by connivance of defendant to believe that they had no legal remedy to compel defendant to repair its canal, and

that, because of their mistake and the fraud to which they were subjected, they had acceded to relators' demand for a higher rate of water, are legal conclusions, and do not state facts sufficient to allow a mandamus to compel defendant to furnish water to plaintiffs in violation of the terms of their contract.

*Appeal from District Court,. Yellowstone county.    C. H. Loud, Judge.*

MANDAMUS, on the relation of A. M. Crawford and another, against the Minnesota & Montana Land & Improvement Company.    From an order denying the writ, relators appeal. Affirmed.

Statement of the case.

The allegations in the petition of the relators for a writ of mandamus are substantially as follows :

"The defendant, a corporation organized for the purpose of acquiring title to 'certain arid lands situated in Yellowstone county, proceeded to reclaim them with waters diverted by means of an irrigating ditch or canal from the Yellowstone river.    Relators purchased from defendant a portion of said lands,. together with a water right for cultivating the same, in the year 1882.    In 1884, after the completion of the canal, the county commissioners of Yellowstone county, pursuant to Section 273, Chapter 15, Fifth Division, Revised Statutes of Montana 1879, established the water rates to be paid by purchasers of lands from defendant.    The board passed the following resolution in reference thereto :    ' On motion it was resolved that the rate for water taken from the Minnesota & Montana Land & Improvement Company's ditch, per miner's inch, five-inch head, shall be as follows :    From May 15 to August 1, 1884, seventy-five cents per inch; from August 1 to October 15, 1884, twenty-five cents per inch; purchasers to have the privilege of continuous flow for each respective season.'

"The relators used the water for the purpose of cultivating their land for a number of years.    The defendant having neglected the canal, and suffered it to get in bad condition, at

some period prior to 1889 announced that it would not make the necessary repairs to furnish its customers with water unless it should be guaranteed a specified rate for a term of years, and demanded of them such a guaranty.''

The petition, proceeding, contains the following averments :

''That relators were induced to believe that they had no legal means whereby they could enforce defendant to repair its said canal, and that they were so induced to·believe at the connivance of defendant, as well as, upon information and belief, they allege, at the instance of defendant.

''That because of their mistake and the fraud to which they were subjected, as herein just above set forth, and because of their pressing necessity for water from said canal for irrigating their said tract of land, and not otherwise, relators acceeded to the demand of defendant that it be guaranteed a specified rate for a term of years, and in accordance therewith asked, and in the presence, hearing, and knowledge of the agent of defendant, that the board of commissioners should act in their behalf, and for them and as their agent, to the making of a contract with defendant guaranteeing a specified rate for a term of years to defendant for water from said canal, whereby the said canal would be repaired, and they assured for the time of water facilities for their said tract of land.

''That thereupon, and after, the said board of commissioners took upon itself to act in behalf of users of water from said canal, among them relators, and entered into with defendant the hereinafter set forth contract, which said contract is and appears of record, as follows :   'Wherefore, on motion of Babcock, seconded and carried, it is hereby resolved and ordered that by virtue of the power and authority by law vested in the Board of County Commissioners in the premises, the said board do hereby make, fix, and establish the price or rate for which the Minnesota & Montana Land & Improvement Company shall sell water from its irrigating ditch or canal tapping the Yellowstone river at a point about ten miles west of Park City, traversing what is known as

'Clark's Fork Bottom,' in said county of Yellowstone, at the rate of two dollars per inch per year, during the whole irrigating season each year for the period of ten years, commencing the first day of January, A. D. 1889, and ending on the first day of January, A. D. 1899; that the said rate is hereby established and fixed irrevocably for said period of ten years in consideration of the Minnesota & Montana Land & Improvement Company proceeding to improve, enlarge, and repair the said irrigating canal in accordance with plans and estimates now on file in its office in New York City, state of New York, rebuilding the flumes, raising the banks, and clearing and dredging said canal in such places and in such manner as its engineer may deem expedient and proper, at an estimated expense of twenty thousand dollars; that this order and resolution herein made and expressed is intended and understood to have and possess the full force, effect, and binding obligation of a contract; that it is further ordered that all water rates, orders, and conditions heretofore made by the Board of County Commissioners of this county governing the rate for which the said Minnesota & Montana Land & Improvement Company shall sell water from said canal, and all amendments to the foregoing proposition of said company entered upon the record of proceedings of this Board of County Commissioners, are hereby revoked and annulled'—which said contract appears of record on page 382 of book one (1) of the record of the proceedings of the Board of County Commissioners of said county.

"That on the 29th of April of the year 1897 relators paid to defendant the sum of fifty ($50) dollars, lawful money of the United States of America, for which they demanded that defendant should furnish them with water from its said canal, to be used in irrigating their said tract of land.

"That for and on behalf of themselves relators rescinded the hereinbefore set forth ten-year two-dollar contract, and rescinded all authority by them granted to the said board in the premises, and promptly, upon discovering their mistake therein, and the fraud to which they had been subjected; and de-

manded of defendant, in consideration of the said fifty ($50) dollars, that it should furnish them from its said canal with fifty inches of water for the entire irrigating season of the year 1897 for irrigating their said tract of land; and that they have faithfully and fully performed on their part all of the conditions of the aforesaid contract of purchase of land and right of water from defendant's said canal precedent to their being furnished water in accordance therewith; and that relators need and require fifty inches of water therefrom on their said land during said time, and that they will suffer great and irreparable damage in case they be not furnished said amount by defendant.

"That, notwithstanding relators' said rescission and demand herein just above set forth, defendant obstructed, and continues to obstruct, the water in its said canal from flowing to and upon the relators' said tract of land to the amount of fifty inches or to any amount in excess of twenty-five inches.

"Wherefore, relators demand that defendant be ordered to appear before the judge of this court in chambers, and show cause why it should not be ordered to furnish relators with fifty inches of water from its said canal to be used in irrigating said tract of land, and to pay costs of this action, and that relators have such other relief as to the judge of this court may seem right and just."

The District Court denied the petition, and indorsed upon it the following order or judgment: "Petition denied. Judge refuses to make order to show cause on the ground that this is not the proper remedy, and an alternative writ of mandate has been quashed on July 3, 1897, in a similar action. Clerk is directed to file papers as of July 5, 1897. C. H. Loud, Judge. (Filed July 7, 1897, as of July 5, 1897.)"

The appeal is from the judgment or order aforesaid.

*A. M. & S. A. Crawford*, in person.

*Jas. R. Goss*, for Respondent.

PER CURIAM.—The petition in this proceeding is so inartistically framed that we have encountered no little difficulty in

comprehending the tenor and purpose of its contents. No doubt the lower court had the same experience. It hardly merits the name of a pleading. These facts are to be gathered from it :

In 1884 the Board of County Commissioners established water rates for purchasers of land from defendant. This they did, however, for the year 1884 only. Some time prior to 1889, at the request and with the full consent of relators, the board established other rates. What, in this proceeding, their legal effect would have been, had relators properly pleaded the mistake and fraud they relied upon, it is unnecessary for us to discuss.

The averments of fraud and mistake in the petition are mere legal conclusions, which we are forced to entirely disregard.

This leaves relators in the attitude of seeking to compel the defendant to furnish them water in utter disregard of a contract voluntarily entered into, and partly complied with for a long period of time. Under these circumstances the petition was properly denied.

The judgment or order denying it is affirmed.

*Affirmed.*