BUTTE HARDWARE COMPANY, APPELLANT, v. KNOX,
                    RESPONDENT.                .

(No. 1,518.)

(Submitted April 14, 1903.   Decided April 27, 1903.

*Pleading—Counterclaim — Fraud—False Representations—
Judgment on the Pleadings.*

1.  Fraud is never presumed, nor can it be proved unless the ultimate facts
    constituting it be specifically alleged, and where no such facts are al-
    leged, inferences and innuendoes are wholly insufficient as a pleading.
2.  In an action on a note, defendant alleged by way of counterclaim that she
    had purchased a boiler of plaintiff, which was to be of a certain heating
    capacity, and that on testing the boiler it was found to be insufficient and
    otherwise defective.  The only allegation that the seller made any repre-
    sentations as to the boiler, or that the buyer relied upon any such state-
    ments in making the purchase, was that the buyer was deceived by false
    representations that the boiler was a first-class boiler and sufficient, but
    there was no direct allegation that any such statements were made or relied
    on by the purchaser.  It was alleged that the note in suit was given to
    settle the balance of an account, but there was no statement that this
    account represented the balance due on the boiler.  Held not to state
    facts constituting a defense or counterclaim.

*Appeal from District Court, Silver Bow County; William
Clancy, Judge.*

ACTION by the Butte Hardware Company against Jessie C.
Knox.  From a judgment for defendant, plaintiff appeals.
Reversed.

*Mr. Bernard Noon,* and *Mr. F. T. McBride,* for Appellant.

In order to render it actual fraud in any case, the following
essential elements should be present:  First.  The misrepre-
sentation must be of a matter of fact, and not of law.   Second.
It must be of a fact as distinguished from a mere expression
of opinion.   Third.   It must be of a fact at the time or pre-
viously existing, and not a mere promise for the future.  Fourth.
It must be of a material matter.  Fifth. It must be relied upon

by the person to whom it is made or whose action it is intended to influence. (Vol. 8, First Ed., Am. & Eng. Ency. of Law, p. 636.)

Representations of the value and utility of machines and the like are mere matters of opinion. (Vol. 8, First Ed., Am. & Eng. Ency. of Law, p. 636; *Neidefer* v. *Chaslain,* 71 Ind. 363, 36 Am. Rep. 198.)

If the representation is as to a matter not equally open to both parties, it may be said to be a statement of a fact; but if it is as to a matter that rests entirely in the judgment of the person making it, and the means of information upon which a fair judgment can be predicated are equally open to both parties, and there is no artifice or fraud used to prevent the person to be affected thereby from making an examination and forming a judgment for himself, the representation is a mere expression of opinion and does not support an action for fraud. (Vol. 8, First Ed., Am. & Eng. Ency. of Law, p. 636; 2 Addison on Torts, p. 422, Sec. 1186.)

Nor will misrepresentation be a defense to the contract where the party learns of the facts in time to back out, yet chooses to complete or affirm the contract. (*Whiting* v. *Hill,* 23 Mich. 399; *Pratt* v. *Philbrook,* 41 Me. 132; *Verroll* v. *Verroll,* 63 N. Y. 45; *Bridge* v. *Penniman,* 105 N. Y. 62.)

The law presumes that men are honest in their dealings, and it is therefore well settled as a general rule that unless there is some special relation involving trust or confidence, or other exceptional circumstances, fraud is never to be presumed but must be clearly proved by the party alleging the same. (Vol. 14, 2d Ed. Am. & Eng. Ency. of Law, p. 190, and cases cited in note 3.)

Equity aids the vigilant, not the slothful. This maxim has been termed a "special form of the yet more general principle, he who seeks equity must do equity." But in the form above stated it has a particular importance, because for a long time it supplied in equity the place of the statute limitations at law. Very early in their history the courts of chancery began to re-

quire of suitors before them promptness as a condition of relief. Indeed, the application of this maxim is defended for the same reasons and upon the same grounds as the statute of limitations. (Vol. 11, 2d Ed. Am. & Eng. Ency. of Law, p. 165; *Pratt* v. *Cal. Min. Co.*, 24 Fed. 876; *Aikens* v. *Hill*, 7 Ga. 573; *Wolf* v. *Great Falls Water Power, etc. Co.*, 15 Mont. 49.)

General demurrer raises question of laches. (1 Beach, Modern Eq. Pr. Sec. 258, p. 291, and cases cited in note 2.)

An action for relief on the ground of fraud or mistake (the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting fraud or mistake), shall be commenced within two years. (Subd. 4, Sec. 524, Code Civ. Proc.; Sec. 5165, Pol. Code; Subd. 4, Sec. 42, First Division Compiled Statutes of Montana.)

*Mr. John N. Kirk, Mr. L. J. Hamilton,* and *Messrs. Sinclair & Dygert,* for Respondent.

Where there is an issue raised by the pleadings, it is error to render judgment thereon. (*Bach, Cory & Co.* v. *Mont. L. & P. Co.*, 15 Mont. 346, 39 Pac. 291; *Floyd* v. *Johnson,* 17 Mont. 471, 43 Pac. 631.)

Unless all the material issues in the case can be virtually settled by the pleadings, a judgment on the pleadings should not be rendered. (*Leopold* v. *Silverman,* 7 Mont. 287, 16 Pac. 580.)

Answering appellant's argument on its motion to instruct the jury for judgment on the evidence and to make findings of fact as requested by it, we submit the following as the law applicable to the evidence on trial: Secs. 2291, 2292, Civil Code; Ency. of Law, Vol. 14, pp. 34, 35, and cases cited.

Where there is any doubt as to whether a statement was intended and understood as a mere expression of opinion, or a statement of fact, the question must be passed upon by a jury.

(Ency. of Law, Vol. 14, p. 35; *Muse* v. *Shaw*, 124 Mass. 59; *Teague* v. *Irwin*, 127 Mass. 217; *Foster* v. *Kennedy*, 38 Ala. 359, 81 Am. Dec. 56.)

A representation that a house is "as good as new," whereas, in fact, it was an old building in part and had been repaired by the vendors, and some of the timbers and boards used in it were rotten, was the false representation of a fact and entitled the purchaser to rescind. (*Eibel* v. *Von Fell*, 55 N. J. Eq. 670.)

As a general rule, if statements are made positively as of his own knowledge by one who is apparently in a position to know the truth and are relied upon by the person to whom they are made, they are not to be treated as mere matters of opinion. (Ency. of Law, Vol. 14, p. 44; *Henderson* v. *Henshad*, 54 Fed. 420; *Green* v. *Farmer*, 80 Fed. 41; *Clifford* v. *Conill*, 29 Cal. 589; *Todd* v. *Pigott*, 114 Ill. 648; *Shind* v. *Pierce*, 6 Allen, 413 (Mass.); *Haven* v. *Neil*, 43 Minn. 315; *Cressler* v. *Rees*, 27 Neb. 515; *Messer* v. *Smyth*, 59 N. H. 41; *Van Epps* v. *Harrison* (N. Y.), 5 Hill, 63.)

Representations in regard to the qualities and characteristics of an article made by the seller who may be presumed to speak from actual knowledge are not statements of mere opinion. (*Darby* v. *Stuart*, 63 Vt. 570.)

A false statement by the seller of an article "that it is well made and will stand up to concert pitch," may authorize the buyer to rescind and is not mere opinion. (*Shind* v. *Pierce* (Mass.), 6 Allen, 413.)

The seller is liable in an action for deceit for false representations as to soundness, where the representation was that, "that it was sound," or "was sound as far as he knew," where the seller knew at the time that it was unsound. (*West* v. *Emery*, 17 Vt. 583, 44 Am. Dec. 356.)

A statement by the seller that "they are as thrifty and healthy a lot as he has ever owned, and that he has been in the business for a good many years," is a material representation of a fact and not a mere matter of opinion, and if false, and known to

him to be false, will authorize a verdict for fraud and deceit. (*Stevens* v. *Bradley,* 89 Iowa, 174; *Lewis* v. *Jewell,* 151 Mass. 345, 21 Am. St. Rep. 454; *Baker* v. *Faucet,* 69 Ill. App. 300; *Perkins* v. *Rice,* 12 Am. Dec. 298; *Coon* v. *Atwell,* 46 N. H. 510; *Martin* v. *Jordan,* 60 Me. 531; *Hill* v. *Wilson,* 88 Cal. 92; *Mason* v. *Roplie,* 66 Barb. 180.)

It is sufficient for the plaintiff to offer in the pleading to return to the seller what he has used, and, if their rights can be adjusted by the judgment, the rule that one who seeks to rescind a contract on the ground of fraud must place the other party in as good a situation as he was in before the contract is satisfied. (*Smith* v. *Houlett,* 51 N. Y. S. 910.)

Where a purchaser has no knowledge that statements of fact of a vendor are false, he may rely on them implicitly if they are not so openly and palpably false that their untruth is apparent to an ordinarily prudent person. (*City of Tacoma* v. *Tacoma Light & Water Co.,* 50 Pac. 55.)

A statement that an article is "sound as a dollar," and the purchaser relying on such statement makes the purchase, the seller is liable for all damage necessarily sustained by the buyer by reason of breach of such warranty. (*Schee* v. *Shore,* 50 Pac. 903.)

It is not essential that misrepresentation, whereby one obtains an advantage over another, should be intentionally false. (*McCready* v. *Phillips,* 76 N. W. 885; *Morre* v. *Hinsdale,* 77 Mo. App. 217.)

False representations of a seller of personal property, made to bring about a sale of the property, is ground for rescision of the sale whether or not the seller knew them to be false, as he is bound to know that representations made by him are true. (*Beetle* v. *Anderson,* 73 N. W. 560; *Schofield G. & P. Co.* v. *Schofield,* 40 Atl. 1046.)

Whether a representation "good as gold" is a matter of opinion or a statement of fact on which the vendee was entitled to rely is a question for the jury. (*Andrews* v. *Jackson* (Mass.), 47 N. E. 412.).

To entitle the buyer to recover for misrepresentations by the seller, he need not have relied solely on the representations, but it is sufficient if the representations had a material influence in inducing the purchase. (*Handy* v. *Waldeon,* 35 Atl. 884.)

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This action was brought for the purpose of obtaining judgment against defendant for the amount alleged to be due on a promissory note executed by defendant and payable to plaintiff, and for the foreclosure of a certain real estate mortgage given by defendant to secure the payment of said note. The complaint is in the usual form, and sets out a copy of the note and mortgage.

The defendant filed an answer, in which she admitted the allegations of the complaint, but, as a plea in avoidance, alleged certain facts relating to the execution of said note and mortgage. The answer is here given in full in so far as it is necessary to refer to the same in determining the questions raised with respect thereto by the errors assigned:

"(1) At the time of the execution of the said promissory note and mortgage sued upon in this action, and for a long time prior and subsequent thereto, the defendant was engaged in the business of conducting a greenhouse in the city of Butte, state of Montana; that defendant had in her employ a man by the name of J. H. Mitchell; that said Mitchell contracted with J. M. Montgomery & Co., who were conducting a boiler works in the city of Butte, for a 40-horse power boiler to be used in the heating of the greenhouses run by defendant; that the said boiler was to have sufficient capacity to heat all the greenhouses defendant then had standing, and, in addition thereto, to heat at least as many more greenhouses when they were erected, and said boiler was to furnish the heat at a moderate cost for fuel; that said boiler was to be first class in every respect, and the price thereof, set up, was to be $785."

Paragraph 2 alleges, on information and belief, that the firm of J. M. Montgomery & Co. was composed of J. M. Montgomery and the plaintiff.

Paragraph 3 alleges that J. M. Montgomery & Co. placed a certain five-flue steamboat boiler in the greenhouse of defendant; that the same was entirely unfit for the purpose for which it was contracted.

Paragraph 4 alleges that the defendant gave the boiler a thorough test, and found that the same consumed an enormous amount of fuel, and was not fit for the purpose of heating the greenhouse; that some of her plants froze, and she was damaged to the extent of $1,500.

Paragraph 5 alleges that the boiler never was a first-class boiler, nor intended to be used for heating purposes; that the defendant was obliged to remove the same from her greenhouse, and to replace it with a 54-flue boiler.

"(6) That defendant was deceived and misled in the purchase of the boiler by the said J. M. Montgomery & Co., in their false representations that the said boiler was a first-class boiler, and would do the heating of said greenhouse, and other greenhouses to be erected by defendant, at a moderate cost for fuel."

"(7) That defendant paid on account of said boiler the sum of $285."

"(8) That the said note and mortgage sued upon in this action was given to secure the balance of an account due the said J. M. Montgomery & Co., which account defendant alleges, upon information and belief, has, previous to the execution of the note and mortgage sued upon in this action, been assigned to the plaintiff herein; and defendant further alleges that she has already paid more than said boiler was worth, and that she never received any consideration for the note and mortgage which she executed to this plaintiff, and which is sued upon in this action; that the same was executed and delivered through a misapprehension of her rights in the premises; and that she is now ready and willing to turn over to the said J. M. Mont-

gomery & Co., or to the plaintiff herein, the said boiler, and tenders the same to either of them."

The answer then concludes with a prayer that the note and mortgage described in plaintiff's complaint be canceled by decree of court.

· The plaintiff moved for judgment on the pleadings on the ground "that the answer of defendant does not state facts sufficient to constitute a defense to plaintiff's complaint." This motion was by the court overruled. Plaintiff then filed a replication. At the trial the defendant claimed the right, and was allowed, to open and close the case. Plaintiff thereupon objected to the introduction of any testimony on the part of defendant, for the reason "that defendant's answer does not state facts sufficient to constitute a defense or counterclaim to the cause of action set out in plaintiff's complaint." This objection was by the court overruled. Judgment was rendered for defendant. From this judgment the plaintiff appeals, and assigns the action of the court in overruling the motion for judgment on the pleadings, and in overruling plaintiff's objection to the introduction of any testimony on the part of defendant, as errors Nos. 1 and 2 in its brief filed. These errors properly present for determination the sufficiency of the answer as a defense to the action, and will be considered together.

It is a well-recognized principle of pleading that, where it is sought to set aside or avoid a contract on the ground of false representations or of fraud, the ultimate facts constituting such representations or fraud must be specifically alleged, that the court may be advised as to whether the matters pleaded will, if proved, be sufficient to warrant the relief demanded. Men are presumed to act fairly and to deal fairly with each other in their business transactions, and fraud is never presumed, nor can it be proven unless alleged. Mere expressions of opinion or of judgment do not, except in particular cases, which must be shown by the pleading, constitute actionable fraud or false representations. Statements made by the owner of property as to the superior kind, quality or character of his possessions

do not of themselves constitute actionable fraud or false representations, though such statements may not accord with the truth. Where a contract is attacked on the ground that it was procured through false representations or fraud, the opposing party is entitled to know from direct and consistent allegations of the pleading that he is called upon to defend against such charges.

The foregoing principles are supported in whole or in part by the following cases: *Territory* v. *Underwood*, 8 Mont. 133, 19 Pac. 398; *York* v. *Steward*, 21 Mont. 518, 55 Pac. 29, 43 L. R. A. 125; *State ex rel. Crawford* v. *M. & M. L. & I. Co.*, 20 Mont. 203, 50 Pac. 420; *Budd* v. *T. C. Power & Co.*, 8 Mont. 384, 20 Pac. 820; *Bickle* v. *Irvine*, 9 Mont. 253, 23 Pac. 244, and cases cited; *First Nat'l Bank* v. *Boyce*, 15 Mont. 173, 38 Pac. 829; *State ex rel. N. W. Nat'l Bank* v. *Dickerman*, 16 Mont. 288, 40 Pac. 698; Ency. Pleading & Practice, Vol. 8, p. 906; *Cheney* v. *Powell*, 88 Ga. 629, 15 S. E. 750; *Burden* v. *Burden*, 141 Ind. 471, 40 N. E. 1067; *Cade* v. *Head Camp W. O. W.*, 27 Wash. 218, 67 Pac. 603; *Grentner* v. *Fehrenschield*, 64 Kansas, 764, 68 Pac. 619.

The case of *Stetson* v. *Riggs*, reported in 37 Neb. 797, 56 N. W. 628, was an action for the foreclosure of a mortgage on certain real estate, in which the defendant filed an answer alleging that a part of the consideration for the note and mortgage sued upon was the purchase price of certain real estate which the defendant had purchased from the plaintiff; that the plaintiff had represented that the real estate was in a certain locality, and showed the same to the defendant, but that in the conveyance the plaintiff described a certain other piece of land, which had not been shown to defendant as such purchaser, and which he had never agreed to purchase; that the piece of land actually conveyed was worth $500 less than that which was shown to defendant by the plaintiff, and which he had contracted for. The plaintiff at the trial objected to the introduction of any evidence, for the reason that the answer did not state facts sufficient to constitute a defense. The supreme court, in passing

upon the case, uses this language: "The defense of Riggs was in effect an action against Stetson for damages for false representations made by the latter. This answer, then, to be good, must allege with reasonable certainty: (a) That Stetson made some representation to Riggs, meaning he should act on it; (b) that the representation made was false; (c) that Riggs believed such representation to be true, relied and acted upon it, and was thereby damaged. (*Byard* v. *Holmes,* 34 N. J. Law, 296, and cases there cited.) * * * *Runge* v. *Brown,* 23 Neb. 817 [37 N. W. 660]." The court then holds the answer insufficient as not constituting a cause of action against Stetson, and reversed the judgment of the lower court.

"It is incumbent upon the party claiming to recover in an action for deceit founded upon false representations to show that he was influenced by them * * * to his damage." (*Taylor* v. *Guest,* 58 N. Y. 262.)

"To sustain a judgment for damages for fraud and deceit in the sale of a newspaper, upon the ground that its subscription list was not as large as represented, it must be alleged, and also shown, that the purchaser relied on the representation of the number of paying subscribers as an inducement to the purchase." (*White* v. *Smith,* 39 Kan. 752, 18 Pac. 931.)

"It is also necessary for the plaintiff in such an action [damage for false representation] to prove that he believed and relied upon the false representation in order to entitle him to recover." (*Humphrey* v. *Merriam,* 32 Minn. 197, 20 N. W. 138.)

"It should be averred that the false statements were believed to be true by the plaintiffs, and, thus believing, were relied upon by them, and that they induced the action taken by the plaintiffs which resulted in damage to them." (*Pforzheimer* v. *Selkirk,* 71 Mich. 600, 40 N. W. 12; *Parker* v. *Armstrong,* 55 Mich. 176, 20 N. W. 892.)

"False representations or fraud will not avoid a sale unless it appears that the seller was thereby induced to do that which

he would probably not have done except for such fraud or deception." (*Klopenstein* v. *Mulcahy*, 4 Nev. 296.)

Innuendo cannot perform the office of direct statement, nor inference suffice for positive allegation.

From the foregoing authorities it is apparent that if this ansewer is sufficient it must appear therefrom with reasonable certainty: (1) That certain representations which defendant had a right to rely upon were made by or at the instance of the vendor; (2) that they were false; (3) that defendant believed such representations to be true, and did rely upon them, and was induced thereby to enter into the contract; (4) that defendant suffered damages thereby; (5) that the note sued upon represents the purchase price, or a part of it, for the boiler described in the answer.

From an examination of this answer it is found that paragraph 1 thereof contains the allegation that this boiler was purchased from J. M. Montgomery & Co. by the agent of the defendant; that it was to possess certain qualities, and to accomplish certain purposes. Further on, in paragraph 2, we find the statement that it was entirely unfit for the purposes for which it was contracted; and this statement is repeated in different forms in paragraphs 4 and 5.

It will be further found that nowhere, except in paragraph 6 of the answer, is there any allegation, or even an intimation, that the vendor ever made any representations or statements whatsoever with reference to this boiler; nor is there any statement or intimation that the defendant ever relied upon any statements made by the vendor, or that she was induced to make the purchase by reason of any representations. The whole of paragraph 6 is in the nature of an inference to be drawn from some other part of the pleading, and no other part of the pleading justifies such an inference. It is more properly an innuendo, without any previous direct statement to base it upon. And, as we have seen heretofore, fraud is not to be inferred nor presumed, unless the facts, properly stated, justify such an infer-

ence or presumption; and, where no such facts are alleged, inferences and innuendoes are wholly insufficient as a pleading.

Paragraph 8 of the answer contains the allegation that the note and mortgage sued upon were given to secure the balance of an account due said J. M. Montgomery & Co.; but there is no statement, direct or indirect, that this account represented the balance due on this boiler account. For aught the pleadings show, this account may have been for other commodities or articles of merchandise. It is true it is alleged in this paragraph that defendant never received any consideration for the note, but this is based upon the theory that the note is void because of false representations made, and these representations are not sufficiently pleaded to constitute a defense or counterclaim to this action.

It may be urged that the answer filed by the defendant is in the nature of a counterclaim, and not a defense, and that plaintiff's motion for judgment on the pleadings is not sufficient for the reason that he does not use the term "counterclaim" therein. Whatever there may be in this contention, it is not necessary to discuss or to decide here, for we are considering this assignment of error in connection with the second assignment, which raises practically the same question, and in which second assignment the term "counterclaim" is used.

The action of the trial court in overruling plaintiff's objection to the introduction of any testimony on the part of defendant was, for the reason heretofore stated, erroneous, and the judgment rendered by the district court in said cause should be reversed.

We therefore recommend that the judgment heretofore entered in this cause by the trial court be reversed, and the cause remanded.

Per Curiam.—For the reasons stated in the foregoing opinion, the judgment is reversed, and the cause remanded.