# CHARLESTON.

BATTRELL *v.* OHIO RIVER R'Y CO.

*(HOLT, JUDGE, absent.)

Submitted September 9, 1890.—Decided November 28, 1890.

1. DECLARATION—PLEADING—RECITAL.
    It is a general rule of pleading that whatever facts are necessary to constitute the cause of action must be directly and distinctly stated, and not by way of recital. Yet, when the participial form of a verb is used in stating such facts, instead of tenses conveying the sense of more positive statement, while such form of statement is not to be commended, still, if it is plain that the facts are intended to be positively stated and alleged, such mode of allegation does not render the pleading bad on demurrer.

2. DECLARATION—PLEADING—RECITAL.
    A case not falling within the rule against pleading with a *quod cum,* or by way of recital.

3. DAMAGES—JURY.
    The assessment of damages is peculiarly the province of the jury, and where there is a motion to set aside a verdict, because of excessive or inadequate damages, the court must not encroach upon such province of the jury save in strong cases of injustice. No mere difference of opinion, however decided, justifies an interference with the verdict for this cause, but the amount must be so out of the way as to evince passion, prejudice, partiality or corruption in the jury.

*V. B. Archer* for plaintiff in error cited:
    3 Rob. Prac. (New) 530, 531; 10 W. Va. 470; 2 Show. 287; 3 H. & M. 271; 4 Munf. 261; 1 Chitt. Pl. (16th Ed.) 260, 402, 403 (t. p.); 27 W. Va. 306 *et seq.*; 23 W. Va. 407 p't 6 Syll. 435, 436; 10 S. E. Rep. 18; 24 W. Va. 361;

*Hogg & Beller* for appellee cited:
    Code c. 125, s. 9, 29; 6 W. Va. 339 p't 19 Syll.; 9 W. Va. 262; 27 W. Va. 288; 6 W. Va. 364; 7 W. Va. 1; 32 W. Va. 370; 9 W. Va. 262; 25 W. Va. 692 p't 7 Syll.; 8 W. Va. 515 p't 2 Syll.; 26 W. Va. 345, p't 3 Syll.; 1 Greenl. Ev. §§ 49, 160.

*Case submitted before Judge Holt's appointment.

BRANNON, JUDGE:

This is a writ of error to a judgment of the Circuit Court of Mason county brought by the Ohio River Railroad Company to reverse said judgment, which was rendered against it in favor of John W. Battrell. The action was for damage to plaintiff as owner of a lot from the construction and operation by defendant of its railroad in an alley, on which said lot abutted, in the town of West Columbia.

The first assignment of error is that the court overruled a demurrer to the declaration. Counsel for appellant points out as a defect in the declaration the fact, that, by way of recital, it alleges: "The plaintiff being then and there, and still being, owner in fee of the land in said alley, to the median line thereof, and the plaintiff, by reason of the acts and doings aforesaid of the defendant, being cut off and deprived of access to the back part of his said lot over and by means of said alley;" whereas it should have positively and directly made those averments, because it is a general rule in pleading that whatever facts are necessary to constitute the cause of action must be directly and distinctly stated. 3 Rob. Pr. (New) 530; *Burton* v. *Hunsford,* 10 W. Va. 470.

The rule of pleading forbidding the statement of facts constituting the cause of action with a *quod cum,* that is, "for that whereas," which is purely by way of recital, is centuries old, and, though technical and in my judgment a stigma upon the common-law, has been persistently insisted upon in early Virginia cases. In *Ballard* v. *Leavell,* 5 Call, 531, a verdict was overthrown because of such defect. In *Hord* v. *Dishman,* 2 Hen. & M. 595, the declaration was held bad in substance because of it on general demurrer. And in *Moore* v. *Dawney,* 3 Hen. & M. 127, though there was no demurrer, it was held bad after verdict. The rule applied to actions of trespass or case for torts. *Lomax* v. *Hord,* 3 Hen. & M. 271; *Donaghe* v. *Rankin,* 4 Munf. 261.

This defect is now cured after verdict by our statute of jeofails providing that no judgment shall be reversed for any defect, imperfection or omission in pleadings, which might have been, but was not, taken advantage of by demurrer. Code 1887, c. 134, s. 3. It might be thought that

before verdict, on demurrer, this defect would be cured by our statute (Code 1887, c. 125, s. 29) that "on demurrer, unless it be a plea in abatement, the court shall not regard any defect or imperfection in the declaration or pleading, whether it has heretofore been deemed mispleading, insufficient pleading or not, unless there be omitted something so essential to the action or defence, that judgment according to law and the very right of the case can not be given;" and I do not for myself now say that such defect would not be cured by that section properly construed, looking to the object the legislature had in view in its enactment—to avoid the defeat of justice, the failure and protraction of litigation by merely technical infirmities in pleadings. But in *Burton* v. *Hansford*, 10 W. Va. 475, Judge GREEN says that when there is a demurrer the rule against statement by way of recital remains unchanged by any statute later than the above Virginia decisions, for the provision above quoted was in force when these decisions were made. Perhaps we may consider this opinion of Judge GREEN as *obiter* as applied to torts, because he held the rule not applicable to a general *indebitatus assumpsit* count, the case then in hand, and what he said as to the application of the rule in trespass and case was outside the case before the court. Minor in 4 Institutes, 1123, supports Judge GREEN by saying that pleading by way of recital "is a flagrant error in pleading, still certainly fatal on demurrer, and formerly in arrest of judgment also, and on writ of error."

From the fact that the statute was not applied in the several Virginia cases cited above, and from the notes of revisors to Code of 1849 (see 11 W. Va. 107) it would seem that the office of the statute is to cure only those defects in pleading constituting ground for special demurrers, which are by it abolished. *Coyle* v. *Railroad Co.*, 11 W. Va. 94; *Sweeney* v. *Baker*, 13 W. Va. 201. According to 1 Chitt. Pl. 402, this recital pleading was bad on special demurrer, and, if it could only be taken advantage of in that way, it would not be material since the abolition of special demurrers; but in *Hord* v. *Dishman*, 2 Hen. & M. 595, it was held bad on general demurrer, and, even after verdict without demurrer, in *Moore* v. *Dawney*, 3 Hen. & M. 127.

But I do not regard the present case as falling under this objection. The tehnical rule just spoken of was applicable to the case of the *quod cum*, "whereas," when used in the statement of the facts constituting the cause of action. Objectionable as it is, it should not be extended to cases not clearly within it to the defeat of justice. The language objected to is: "The plaintiff being then and there, and still being, the owner, * * * and the plaintiff, by reason of the acts and doings aforesaid of the said defendant, being cut off and deprived of access to the back part of his said lot over and by means of said alley." Here the statement is not under a whereas, nor exactly by any mode of recital, and is only less direct and positive in statement by reason of the use of the participle "being," instead of using the imperfect and present tenses of the indicative mood of the verb "to be," so as to read "the plaintiff was then and there, and still is, owner in fee," and the perfect tense "has been" where the word "being" occurs in the third place, so as to read "has been cut off." It is very common to use participial clauses or the participial form of verbs where the intention is to make a positive statement or predication, and though not so strong or emphatic as the verb would be in other tenses of the indicative mood, and not to be commended in pleading where positive averment is intended, yet the meaning is plain, and it is not technically by way of recital. See *Gibson's Case*, 2 Va. Cas. 111; 1 Bish. Cr. Pro. ss. 556–558. This part of the declaration is not strictly the gist of the action, not the statement of the defendant's act, and I note that in *Moore* v. *Dawney, supra*, the syllabus says "that part of the declaration stating facts which are the gist of the action must not be laid with a 'whereas.'"

The declaration elsewhere, by positive statement, states that plaintiff was owner in fee of the lot, and occupying and using it as a residence free from obstruction, obstacles, interferences or hindrances until the acts of the defendant specified as the cause of action; that the defendant, while the plaintiff was so owner in possession, without his consent took possession of, and appropriated to its use the alley adjoining, and built thereon its railroad, laying its track on

it, and used it as such, running its cars over it, to the great and irreparable injury and damage of plaintiff, without compensating him for such injury and damage, without condemning the land lying in such passage-way or alley; that until such acts plaintiff used and enjoyed said alley of right as appurtenant to his said lot in gaining access to said premises; and that by reason of the acts and doings of the defendant the plaintiff lost the use and enjoyment of the stable and coal-house and smoke-house on said premises, and suffered damages and injuries in other respects to the premises. And after this positive statement of the other injuries there is a specification of them by the language: "The said other injuries, consisting of the great increase of liability of loss of buildings on said premises from fire, by reason of the proximity of the defendant's railway track," and locomotives on it, thereby increasing cost of insurance to such extent as to render it practically impossible for plaintiff to obtain insurance, and to cause said buildings to be practically valueless, and to depreciate the property more than two-thirds. Thus, other clauses of the declaration than the one in question pointed out by counsel as objectionable, by direct averment, state all the facts giving cause of action, except averment of title to land in the alley to its median line. As to that, (1) as there is elsewhere a distinct allegation of title in plaintiff to the lot, and that it was bounded by the alley, the law gives title to the plaintiff to the middle of the alley *prima facie* (3 Kent, Comm. 432; *Smith* v. *Slocomb*, 11 Gray, 280; *Willoughby* v. *Jenks*, 20 Wend. 96; Dill. Mun. Corp. §§ 633n, 663n; Ang. High. § 313) and (2) though plaintiff had no title to the soil of the alley, he would, as an adjoining owner, have right to its use, as an easement appurtenant to his property, because of its being a public way.

As to that feature in the clause objected to as recital-pleading reading, "the plaintiff being cut off and deprived of access to the back part of his said lot over and by means of said alleys," if we treat it as stating, not the result or consequence of the defendant's act, but as stating a part of the cause of action within the rule, it is to be said that it is only one item of the injuries to the property — that is,

the cutting off of access to the back part of the lot—and there are other items of injury charged, and elsewhere it is by direct statement alleged that the plaintiff lost the use of his smoke-house, coal-house, and stables. So, if we should hold that the clause objected to is within the rule against pleading by way of recital, and should hold that rule as still in force, that clause may be eliminated, and there remains enough to make the declaration good.

There is another clause objected to, wherein, after direct averment of the constructing of the road, are the words, "laying its track," and "running its cars," and "carrying on its business;" but these participial clauses are unobjectionable here, for they are purely subsidiary to, and expansive of, the direct averments that the defendant constructed its road, and used it in running cars and carrying on business. In my judgment, it would be going to an extreme length in the interest of technicality to sustain the demurrer in this case, for the cause specified. This view is confirmed by *Lane* v. *Black*, 21 W. Va. 617.

It is argued that there is no allegation of permanent injury to the premises. So far as this point relates to the demurrer, the answer is that, plaintiff being in possession, he might sue for temporary injury or for permanent, without danger from a demurrer; but I am clearly of opinion that the declaration, by positive language, alleges permanent injury. How do we determine whether a declaration claims permanent damages? We look to its matter. According to Judge GREEN in *Smith* v. *Railroad Co.*, 23 W. Va. 452, it should contemplate recovery of not merely the past damages, but all damages of a permanent nature which would result to the lot, including such as would result from the depreciation in value in consequence of building the railroad in the street. And according to Judge SNYDER in *McKenzie* v. *Railroad Co.*, 27 W. Va. 309, the plaintiff should allege "both title to and possession of the premises, as also that her property had been permanently damaged and rendered of less value by reason of the construction and operation of the defendant's railroad, and that it would continue in future to be of less value, by reason of the operation of said railroad." I look upon this

declaration as going for permanent damages to the property. Looking at its contents, such is its design.

The remaining ground assigned for reversal is that the damages are excessive, being eight hundred dollars. The evidence as to the quantum of damages ranges from one thousand five hundred dollars, the amount given by the evidence of the plaintiff, to four hundred and fifty dollars, as given by plaintiff's witnesses—A. F. Booth placing it at one thousand dollars. A witness for defendant fixes it at one hundred and sixteen dollars and sixty six cents. The jury viewed the premises. The damages are more or less matter of estimate, different men fixing different sums. Their amount was a question for the jury, and we can not interfere with the verdict, and its approval by the circuit court, unless we could clearly see that the damages are grossly extravagant. The damages seem to me heavy, "but no mere difference of opinion, however decided, justifies an interference with the verdict for this cause, but the amount must be so out of the way as to evince passion, prejudice, partiality, or corruption in the jury." 4 Minor, Inst. 840.

As to any question of sufficiency of the evidence to prove plaintiff's title to his lot, or the existence of the alley, there was oral evidence before the jury that the plaintiff owned and was in actual possession of the lot, and that there was an alley which was used by plaintiff on which the lot bounded; and no question as to these matters was made in the court below, and could only arise here on the motion to set aside the verdict, and not even in that way, for that motion was not based on the reason that the verdict was contrary to or without sufficient evidence, but solely because the amount of damages was excessive. And there is no argument upon the point in this court. Judgment affirmed:

ENGLISH, JUDGE, (*dissenting.*)

I can not concur in the conclusion reached in the foregoing opinion for the following reasons: The plaintiff in his declaration avers that he is, and long has been, the

owner of a lot or parcel of land situated on Front street, in the town of West Columbia, Mason county, W. Va., bounded on the east by a passage-way or alley, and giving the other boundaries; that on said lot is situated his dwelling-house, stable, and other buildings necessary to the free use and enjoyment of the same; and that he is, and long has been, occupying said lot, with the buildings thereon, as a residence, and the *gravamen* of his complaint is that, while he was so occupying, using and enjoying said property, the defendant by its agents and employes took possession of and appropriated to its own use said alley, forming the eastern boundary of his said property, and built thereon its road-bed, laying its track on the same, and using it as a railroad right of way, and running its locomotives and cars over the same, without compensating him for the damage occasioned thereby, without condemning the land lying in said alley, as required by law, the plaintiff being the owner in fee of said alley to the median line thereof, thus depriving the plaintiff of access to the back part of his said lot over and by means of said alley, which he had previously used and enjoyed as a right appurtenant, and also depriving him of the use of his stable and coal-house. The only evidence offered to show that the fee-simple of said lot was in the plaintiff or to show its boundaries or abuttals was the oral testimony of the plaintiff himself, who stated that he owned the lot, giving the boundaries—no muniment of title of any character being offered—and the only evidence in support of the existence of said alley was the oral testimony of the plaintiff that said lot was bounded on the east by a street or alley, upon which or along side of which was situated his coal-house and stable, and that, by reason of the defendant occupying said alley with its railroad, he was compelled to abandon the use of his stable for stock, and to wheel his coal into his coal-house from another street, and by reason of the construction of defendant's railroad on said street he purchased adjoining property to give him access to his outbuildings. Now, in order to show himself entitled to the use of said alley, it was first necessary to show by competent proof the existence thereof, either by dedication or that the original owner of the land

had allowed it to become a public alley by allowing it to remain open and acquiescing in its use as such for a sufficient time to allow the public to acquire a right to use it as such. Grant that the plaintiff states that he used said alley; *non constat* that he used it long enough to acquire a right to the same, or that he did not use it as a mere trespasser, and he does not pretend to state that any other person ever used it as an alley or street. See *Pierpoint* v. *Town of Harrisville*, 9 W. Va. 215, where it is held : "Where there has been no public use of a street, the owner may dedicate his land to the public for such use by acts and declarations, without a deed; but in such a case these acts and declarations must be deliberate, unequivocal, and decided, manifesting a positive and unmistakable intention to abandon his property to public use."

The plaintiff having alleged that said alley was a public street or alley, the burden of proving such dedication is upon him. See *Mining Co.* v. *Town of Mason*, 23 W. Va. 211. And the plaintiff, as it seems to me, having utterly failed to show that said alley had in any manner been dedicated to the public, or that he was the owner thereof, and entitled to use it, I can not think the evidence was sufficient to support the verdict, and for that reason it should have been set aside on defendant's motion "to set aside the verdict rendered, upon the ground that the damages therein awarded were excessive, and contrary to and not warranted by the evidence."

AFFIRMED.