SPENCER, Respondent, v. HERSAM et al., Appellants.

(No. 1,930.)

(Submitted June 17, 1904. Decided July 8, 1904.)

*Vendor and Purchaser—Contract—Rescission—Fraud—Complaint—Equity—New Trial—Notice—Service—Time.*

1. In an action to rescind a sale of real estate for fraud, an allegation that plaintiff relied on the representations made constituted a sufficient averment that he believed them to be true.

2. In an equity case, it is essential to the validity of a motion for a new trial that the notice of intention be filed within ten days *after notice of the decision of the court.*

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

Action by John B. Spencer against M. E. Hersam and others. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Mr. M. P. Gilchrist,* for Appellants.

*Mr. C. M. Parr,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

This action was brought by the plaintiff, the vendor, for the purpose of procuring the rescission of a sale of real estate on the ground of fraud practiced upon him by the defendants, the

vendees. The appeal has been taken by the defendants from a judgment against them, and from an order denying their motion for a new trial.

1. The decisive question in the case is, does the complaint state a cause of action? Counsel for the respective parties do not agree as to whether it does, under the rule announced in *Butte Hardware Co.* v. *Knox,* 28 Mont. 111, 72 Pac. 301.

Without entering into a detailed discussion of the facts alleged, we may say that the complaint, in effect, states that certain representations, which plaintiff had a right to rely upon, were made to him by and at the instance of the defendants; that the representations were untrue, and therefore false; that plaintiff relied upon such representations, and was induced thereby to enter into the contract, and as a result thereof he suffered loss. There is no direct allegation that plaintiff believed the representations to be true, but from the facts alleged in the pleading the conclusion that he did is inevitable. The words "rely" and "believe" are nearly synonymous. "Rely" is to depend on some one or something as worthy of confidence; to repose confidence; to trust; used with "on" or "upon." "Believe" is to accept as true on the testimony or authority of others; to have faith or confidence in the truth of any one or anything. (See Standard and Century Dictionaries.) And one is impelled to inquire, will a man rely upon a statement of fact which he knows to be untrue? If he relies upon a statement of fact, does it not necessarily follow that he believes such statement? As a matter of law, a man may not rely upon that which he knows to be false. The complaint is inartistically drawn, and is not to be recommended as a form, but it contains the necessary substance to sustain the judgment.

2. This action was tried to a jury, which returned a verdict and sepical findings on February 6, 1902. On February 10, 1902, defendants served and filed their notice of intention to move for a new trial. The court adopted the findings and entered its decree on March 22, 1902. In an equity case, one in-

tending to move for a new trial must, within ten days after notice of the decision of the court, file with the clerk and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made. If the judge, as chancellor, sees fit to employ the services of a jury to enlighten his conscience, its findings are merely advisory, and it is immaterial when they are returned into court. The decision of the court is made when it adopts or rejects the findings of the jury, or makes its own findings, and directs its judgment. (*Power* v. *Lenoir,* 22 Mont. 169, 56 Pac. 106.) It was essential to the validity of their motion for a new trial that the defendants serve and file their notice of intention within ten days after notice of the decision of the court. This they did not do. Therefore the court was obliged to overrule the motion.

It follows that the judgment and order should be affirmed.

Per Curiam.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Mr. Justice Milburn, not having heard the argument, takes no part in this decision.

Rehearing denied September 29, 1904.