## DARTER *v.* GRUBB ET AL.

[No. 7,888.   Filed October 8, 1913.   Rehearing denied April 30, 1914.]

1. PLEADING.—*Averment of Facts.—Participial Phrases.*—The rule that every material fact must be positively and directly alleged has been relaxed, and a fact pleaded by means of participial phrases will be given the same force and effect as though directly stated.   p. 207.

2. INSURANCE.—*Change of Beneficiary.—Assent of Officer.—Delegation of Authority.*—Where insured was employed in the head office of a benefit society, and while temporarily performing the duties of another employe who was absent, and who was authorized to indorse the society's assent to changes of beneficiaries, executed a change of beneficiary in her own policy, and endorsed the society's approval by signing the name of the proper officer thereto and affixing the seal of the order, the burden was on the beneficiary claiming by virtue of such change to show that insured in fact had authority to approve such change for the society. p. 208.

3. TRIAL.—*Special Findings.—Failure to Find Essential Fact.*— The failure to find an ultimate fact essential to recovery by the party having the burden to establish it, amounts to an adverse finding as to such question.   p. 210.

4. APPEAL.—*Review.—Special Findings.*—Where a court or jury has found an ultimate fact as a result of inference from evidentiary facts, such finding is conclusive on appeal, unless the evidentiary facts are undisputed and are such that the only legitimate inference to be drawn therefrom is opposed to that reached in the trial court.   p. 210.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by The Supreme Tribe of Ben Hur to require Emma Grubb and John J. Darter, Jr., to interplead for the purpose of determining which of them was the rightful claimant under a benefit certificate.  From a judgment for Emma Grubb, John J. Darter, Jr., appeals.  *Affirmed.*

*Finley P. Mount,* for appellant.
*Albert D. Thomas* and *Harry N. Fine,* for appellees.

LAIRY, J.—On March 27, 1896, The Supreme Tribe of Ben Hur issued a beneficial certificate in the sum of $1,250 to Elizabeth D. Grubb in which her mother Emma Grubb was named as the beneficiary.  On September 16, 1908, Elizabeth D. Grubb attempted to change the beneficiary under the certificate held by her, and to substitute her fiance, John J. Darter, Jr.  The assured died on December 10, 1908.  After the death of the assured The Supreme Tribe of Ben Hur filed a bill of interpleader making the appellant John J. Darter, Jr., and appellee, Emma Grubb, parties defendant.  By this bill of interpleader The Supreme Tribe of Ben Hur admitted its liability under the certificate for the full amount of $1,250, and alleged that each of the defendants was claiming to be the beneficiary and to be entitled to receive the insurance due under such certificate.  It paid the money into court and asked that the defendants be required to interplead and that the court should determine as between them, which was entitled to receive the money. The court made the order and the defendants filed pleadings and formed issues under which the court made a special finding of facts and pronounced its conclusions of law thereon, and rendered judgment in favor of the mother, Emma Grubb.

The first ground upon which appellant seeks a reversal is the action of the trial court in overruling his demurrer to the third paragraph of the cross-complaint of appellee, Emma Grubb.  The only objection urged

1.

against the sufficiency of this pleading, is that some of the material facts are assumed by the use of participial phrases and are not directly averred by the use of finite verbs. The strict rule that every material fact must be positively and directly alleged, seems to have been somewhat relaxed in the recent decisions of this court and of the Supreme Court. It is now the rule that a fact introduced into a pleading by means of participial phrases will be given the same force and effect as though it had been directly stated. *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819; *Valparaiso Lighting Co.* v. *Taylor* (1912), 177 Ind. 278, 96 N. E. 768; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. Under the authority of the cases cited, it must be held that the participial phrase, "the said John C. Snyder being the only person who had power or authority to authorize any one to change the name of the beneficiary," etc., has the same force and effect as a direct averment that John C. Snyder was the only person who possessed such power and authority. The demurrer to this paragraph of cross-complaint was properly overruled.

By his exceptions to the conclusions of law stated by the trial court, appellant calls in question the sufficiency of the facts specially found to sustain the conclusions of law based thereon. Appellant contends that the facts specially found show that the holder of the certificate, in her attempt to change her beneficiary, acted in substantial compliance with the by-laws of The Supreme Tribe of Ben Hur then in force upon that subject; while appellee contends that the facts so found show that she wholly failed to comply with such by-laws, and that, therefore, her attempt to change the beneficiary was ineffective. As shown by the facts specially found, The Supreme Tribe of Ben Hur had in force certain laws regulating the manner in which a member might change the beneficiary named in the certificate. Section 119 is as follows:

"If a member desires to change his beneficiary or beneficiaries named in his certificate, he shall indicate the same in the blanks as provided on the back of his certificate, inserting and signing his name in full, in ink, just as written in the face of the certificate, and inserting the full name or names of his new beneficiary. His signature must be attested by the scribe of his court, and he shall pay the fee of fifty cents to the scribe, who shall forward said fee together with the certificate to the supreme scribe for the approval and official endorsement of said change."

The facts specially found further show that Elizabeth D. Grubb filled out and signed the blanks on the back of her certificate, inserting the name of her new beneficiary and that the scribe of the local court of which she was a member attested the signature and affixed the seal of the local court. She did not, however, deliver the certificate to the scribe of the local court to be forwarded to the supreme scribe for his approval and official endorsement, and it never was so delivered or forwarded. It further appears from the facts found, that one John C. Snyder was the supreme scribe whose duty is was to approve and make the official endorsement of all changes of beneficiaries; and that he had delegated this power to one Minnie Brown, who was, at the time, employed as registry clerk and had authorized her to approve such transfers and to make the official endorsement and affix his signature thereto. On September 16, 1908, Minnie Brown was taking her vacation and Elizabeth D. Grubb was doing her work in her absence. On that day Elizabeth D. Grubb, in the absence of both John C. Snyder and Minnie Brown, endorsed the approval of the supreme scribe to the change of the beneficiary endorsed upon her own certificate and signed John C. Snyder's name thereto and affixed the seal of The Supreme Tribe of Ben Hur. She also changed the card index kept by the supreme lodge so as to show the change of beneficiary in her certificate. Appellant claims that the facts found by the court show that

Elizabeth D. Grubb, while performing the work of Minnie Brown had authority to represent the supreme scribe in approving the transfer, making the official endorsement, signing his name, and affixing the seal of the supreme tribe; and, that the approval so made and endorsed by her is the approval and endorsement of the supreme scribe.

Elizabeth D. Grubb was, on September 16, 1908, and had been for a long time prior thereto, employed in the office of The Supreme Tribe of Ben Hur. The question as to whether she was or was not authorized to approve a change of beneficiary over the signature of the supreme scribe was one of fact for the trial court. The burden of establishing such authority rested on appellant as he could not prevail unless the change of beneficiary was approved by the supreme scribe or by his authority. The special finding nowhere states that Elizabeth D. Grubb was, at any time authorized or empowered to approve a change of beneficiary over the signature of the supreme scribe. Her authority to

3. so approve a change of beneficiary was an ultimate fact necessary to a recovery to appellant, and a failure to find such fact is a finding against him on that question. The special finding states the facts fully in relation to the work required of Elizabeth D. Grubb while assisting Minnie Brown on previous occasions, and also the work that was required of her during the time that Minnie Brown was away on her vacation, as well as the directions and instructions which were given her relating to the performance of such work. These were all evidentiary facts from which the court might or might not infer the ultimate fact of authority. The court failed to find this ultimate fact in favor of appellant, thereby finding that such authority did not exist.

Where a court or jury trying the facts of a case has found an ultimate fact as a result of inference from certain

4. evidentiary facts, this court cannot disturb such finding, unless the evidentiary facts are undisputed and

are of such a nature that only a single inference can be legitimately drawn therefrom. In such a case, if the inference thus forced is opposed to that reached at the trial, this court may draw the inference; but, where the evidentiary facts are of such a nature that men of equal intelligence and equal fairness might reach opposite conclusions as to the ultimate fact, the conclusion reached at the trial cannot be disturbed on appeal.

We do not consider it necessary to set out all of the facts found bearing upon the question of authority of Elizabeth D. Grubb to approve the change of beneficiary in question. It is sufficient to say that the facts so found have been carefully considered and that the court is of the opinion that they fully warranted the trial court in reaching the conclusion that she did not possess such authority. Judgment affirmed.

Note.—Reported in 102 N. E. 843. As to the formalities essential to changing beneficiary from the one named in certificate, see 19 Am. St. 790. As to changing designation in benefit certificate otherwise than in prescribed method, see 15 L. R. A. 350. See, also, under (1) 31 Cyc. 72; (2) 29 Cyc. 232, 130; (3) 38 Cyc. 1985; (4) 3 Cyc. 347.