CONNELLY CO., Appellant, *v.* SCHLUETER BROS. ET AL., Respondents.

(No. 5,232.)

(Submitted October 30, 1923. Decided November 13, 1923.)

[220 Pac. 103.]

*Sales — Fraud — Pleading — Sufficiency — Appeal and Error — Briefs — Rules of Court.*

Sales—Fraud—Trial—Right to Open and Close.
1. Defendant, in an action to recover the purchase price of machinery, who sought by his answer to defeat plaintiff's right to recover on the ground that fraud had been practiced upon him in making the sale and who had the affirmative of every issue raised by the pleadings, had the right to open and close.

Pleadings—Legal Conclusion—Denial Does not Raise Issue of Fact.
2. A denial of a legal conclusion pleaded in the complaint does not raise an issue of fact.

Sales—Fraud—Pleading—Necessary Elements.
3. An answer relying upon fraud in the sale of machinery to defeat the right of the seller to recover its purchase price must disclose with reasonable certainty that certain representations were made by the seller which the purchaser had a right to rely upon, that they were false, that the purchaser believed them to be true, that he relied upon them, was induced by them to make the purchase, and in consequence thereof was injured.

Same—Fraud—Misrepresentation must Relate to Facts, not Opinions.
4. To constitute actionable fraud the misrepresentation pleaded must relate to an existing fact or a fact which has existed, and not to an expression of opinion.

Same—Fraud—What Constitutes Misrepresentation of Facts.
5. Representations alleged to have been made by the agent of plaintiff seller of road construction machinery who represented himself an expert in such machinery, that it was fit and proper for the work for which defendant desired it and that it would screen a certain quantity of gravel per day, without stating that it was a mere expression of his own opinion, *held* to have been representations of facts.

Same—Fraud—Reliance on Misrepresentation—Pleading—Sufficiency.
6. Failure of a party, relying upon fraud to defeat recovery of the purchase price of an article, to specifically allege that he had a right to rely upon the seller's alleged false representations is not alone sufficient to render the pleading insufficient, but if it is made to appear with reasonable certainty from the pleading in its entirety that the statements of the seller formed a part of, or were essentially connected with, the substance of the transaction as

---

3. Necessity for reliance on false representations in order to maintain action for deceit, see note in **Ann. Cas.** 1915B, 779.

[69 Mont. 65.]

distinguished from mere expressions of opinion, commendation or dealer's talk, and concerned matters which from their nature may be assumed to have been within the knowledge of the seller, it is sufficient to show that the purchaser had a right to rely upon them.

Same—Fraud—Reliance on Misrepresentation Sufficient to Disclose Belief in Their Truth.

7. An allegation by the party claimed to have been defrauded that he relied upon false representations pleaded is sufficient to show that he believed them to be true.

Same — Fraud — Purchase Induced by Misrepresentation — Pleading — Sufficiency.

8. Where the reasonable inference from a pleading of a purchaser of an article is that he would not in all probability have purchased it but for alleged false representations of the seller, it is sufficient to show that he was induced to make the purchase by reason of the representations.

Pleadings—Sufficiency—Whatever Necessarily Implied to be Treated as Directly Averred.

9. In the construction of a pleading, whatever is necessarily implied by a statement directly made, is to be treated as averred directly.

Appeal and Error—Assignments of Error—Waiver—Rules of Court.

10. Alleged errors in giving instructions are waived by failure of counsel to set out the instructions *in totidem verbis* and to argue them in his brief.

*Appeal from District Court, Rosebud County; Geo. A. Horkan, Judge.*

ACTION by the F. B. Connelly Company against Schlueter Bros., a copartnership. Judgment for defendants and plaintiff appeals. Affirmed.

*Messrs. Nichols & Wilson,* for Appellant, submitted a brief; *Mr. Edmund Nichols* argued the cause orally.

Defendants' answer, in so far as it attempts to plead the defense of fraud, is insufficient in that nowhere in the pleading is there any allegation whatever that: (a) the alleged representations were the inducing cause of the purchase; (b) the defendants had a right to rely upon the representations in question; (c) the defendants were deceived or misled thereby; (d) they acted upon said representations to their damage, or (e) the purchase of the machine was the result of such representations. The failure to allege these facts renders the amended answer wholly insufficient for any purpose.

(See *Butte Hardware Co.* v. *Knox,* 28 Mont. 111, 72 Pac. 301; *Power & Bro.* v. *Turner,* 37 Mont. 521, 535, 97 Pac. 950; *Pforzheimer* v. *Selkirk,* 71 Mich. 600, 40 N. W. 12; *Rolfes* v. *Russel,* 5 Or. 400, 401; *Estep* v. *Armstrong,* 69 Cal. 536, 11 Pac. 132; *First Nat. Bank* v. *North,* 2 S. D. 480, 51 N. W. 96; *Anderson* v. *Heileman Brewing Co.,* 104 Minn. 327, 116 N. W. 655; *Simons* v. *Cissna,* 52 Wash. 115, 100 Pac. 200; *July* v. *Adams,* 178 Wis. 375, 190 N. W. 89; *Taylor* v. *Guest,* 58 N. Y. 262; *Smith* v. *Roseboom,* 13 Ind. App. 284, 41 N. E. 552; *Spencer* v. *Johnston,* 58 Neb. 44, 78 N. W. 482; *Fernandina Shipbuilding & Dry Dock Co.* v. *Peters,* 283 Fed. 621; *Robertson* v. *Halton,* 156 N. C. 215, 37 L. R. A. (n. s.) 298, 72 S. E. 316; *Klopenstein* v. *Mulcahy,* 4 Nev. 296; *White* v. *Smith,* 39 Kan. 752, 18 Pac. 931; 12 R. C. L., sec. 166.)

"A misrepresentation in order to constitute actionable fraud, must be of an existing fact, or a fact that has existed in the past, and not a mere promise as to future events." (*Citizens' State Bank* v. *Snelling,* 55 Mont. 476, 178 Pac. 744; *Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601; *Bankson* v. *Lagerlof* (Iowa), 75 N. W. 661; *Collins* v. *Jackson,* 54 Mich. 186, 19 N. W. 947; *Easterly Harvesting Machine Co.* v. *Berg,* 52 Neb. 147, 71 N. W. 952.) Representations of the value and utility of machines and the like are mere matters of opinion. (8 Am. & Eng. Ency. of Law, 1st ed., p. 636, 12 R. C. L., sec. 14; *Neidefer* v. *Chastain,* 71 Ind. 363, 36 Am. Rep. 198; *National Cash Register Co.* v. *Townsend,* 137 N. C. 652, 70 L. R. A. 349, 50 S. E. 306.)

*Messrs. Campbell & Carolan,* for Respondents, submitted a brief; *Mr. Donald Campbell* argued the cause orally.

Defendants' answer stated facts sufficient to constitute a defense to plaintiff's cause of action. The rules with respect to a plea of fraud, whether in complaint or answer, have been settled and announced by this court in the following decisions: *Butte Hardware Co.* v. *Knox,* 28 Mont. 111, 72 Pac. 301; *Power & Brother* v. *Turner, supra; Shoudy* v. *Reeser,* 48

Mont. 579, 142 Pac. 205; *Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601; *Stillwell* v. *Rankin,* 55 Mont. 130, 174 Pac. 186; *Juby* v. *Craddock,* 56 Mont. 556, 185 Pac. 771.

The chief contention of counsel for appellant is that the defendants had no right to rely upon the statements made by plaintiff's agent for the reason that they constituted mere expressions of opinion, and as such could not be made the basis of fraud. We insist that the statements made were made as statements of fact. Representations of the character alleged in the answer and shown by the evidence are in effect warranties. (*Post* v. *Liberty,* 45 Mont. 1, 121 Pac. 475; in *Como Orchard L. Co.* v. *Markham,* 54 Mont. 438, 171 Pac. 274; *Koch* v. *Rhodes,* 57 Mont. 447, 188 Pac. 933.) We further call the court's attention to the following cases, and from an examination of these we believe it will be clearly demonstrated that the statements here alleged and proved to have been made were representations of fact, and were not expressions of opinion or merely dealer's selling or puffing talk: *Hetland* v. *Bilstad,* 140 Iowa, 411, 118 N. W. 422; *Hitchcock* v. *Gothenburg W. P. & Irr. Co.,* 4 Neb. Unof. 620, 95 N. W. 638; *Hickey* v. *Morrell,* 102 N. Y. 454, 55 Am. St. Rep. 824, 7 N. E. 321; *Rogers* v. *Rosenfeld,* 158 Wis. 285, 149 N. W. 33; *Cross* v. *Bouck,* 175 Cal. 253, 165 Pac. 702; *Allen* v. *Henn,* 197 Ill. 486, 64 N. E. 250; *Haven* v. *Neal,* 43 Minn. 315, 45 N. W. 612; *Benolkin* v. *Guthrie,* 111 Wis. 554, 87 N. W. 466; *Judd* v. *Walker,* 114 Mo. App. 128, 89 S. W. 558; *Lasman* v. *Calhoun et al.,* 111 Wash. 467, 191 Pac. 409; *Beck* v. *Goar,* 180 Ind. 81, 100 N. E. 1; *Bean* v. *Bickley,* 187 Iowa, 689, 174 N. W. 675; *Mignault* v. *Goldman,* 234 Mass. 205, 125 N. E. 189; *Oneal* v. *Weisman,* 39 Tex. Civ. 592, 88 S. W. 290; *Smith* v. *Richards,* 13 Pet. (U. S.) 26, 10 L. Ed. 42 [see, also, Rose's U. S. Notes]; 26 C. J., p. 1155.

The rules laid down in the case of *Philadelphia Whiting Co.* v. *Detroit White Lead Works,* 58 Mich. 29, 24 N. W. 881, and the language of the court contained in that decision, are, we believe, peculiarly applicable to the case at bar. (See, also,

*Gridley* v. *Globe Tobacco Co.*, 71 Mich. 528, 39 N. W. 754; *Culver* v. *Avery*, 161 Mich. 322, 126 N. W. 439; *Wilson* v. *Solberg*, 145 Wis. 573, 130 N. W. 472; *Boles* v. *Merrill*, 173 Mass. 491, 73 Am. St. Rep. 308, 53 N. E. 894; *Klock* v. *Newbury*, 63 Wash. 153, 114 Pac. 1032.)

Mr. JUSTICE HOLLOWAY delivered the opinion of the court.

About August 19, 1920, the plaintiff sold and delivered to the defendants a twenty-five ton portable screening plant, complete, for the agreed price of $2,199.53. This action was brought to recover the purchase price, and the complaint follows the form usually employed in such cases. The answer admits all the material allegations of the complaint, and then sets forth four affirmative defenses. Issues were joined by reply and the cause tried, resulting in a verdict for the defendants. From the judgment entered thereon, plaintiff appealed.

1. There is not any merit in the contention made that the [1, 2] court erred in permitting defendants to open and close the case. The defendants had the affirmative of every issue raised by the pleadings, and the burden rested upon them to produce their evidence first. (Secs. 9349 and 10616, Rev. Codes 1921.) Their general denial of the legal conclusion contained in the complaint "that the said purchase price of $2,199.53 is now long past due and owing from defendants to the plaintiff" did not raise an issue of fact.

2. The principal contention made is that the answer does not state facts sufficient to constitute a defense or counterclaim. Upon the trial the first and third defenses were abandoned, and we may disregard the fourth, since it is a mere repetition of the second defense, except that the second includes a counterclaim for the amount paid by defendants for freight from Aurora, Illinois, to Finch, Montana.

Stripped of the great mass of superfluous words, the following [3] allegations, in substance, are to be found in the second

affirmative defense: That at the time the machine was purchased the defendants were contractors engaged in road construction work; that they were in need of a machine which would screen gravel and elevate it for loading; that the negotiations which resulted in the sale were conducted by D. R. Petrie, the agent of the plaintiff, and by the defendant Henry Schlueter; that Petrie represented to defendants that he was skilled and experienced in furnishing road construction machinery of this character; that he knew the kind and character of machinery which defendants needed, the purpose for which it was to be employed and all the circumstances surrounding their work; that, for the sole purpose of inducing the defendants to purchase the machine in question, Petrie willfully, falsely and fraudulently represented that the machine in question was adapted to the use for which the defendants desired to employ it, and that it would elevate, screen, and move 350 to 400 cubic yards of gravel per day for the work upon which defendants were engaged; that in fact the machine was wholly unfit for defendants' purposes and worthless to them, and would not elevate, screen and move more than 100 cubic yards of gravel per day, which facts were known to Petrie when he made the representations above; that defendants relied upon the superior knowledge, skill and experience of Petrie, and upon representations made by him when they purchased the machine; that they did not have any opportunity to examine the machine until after the purchase was made and the machine was delivered, and that, as soon as they discovered that the machine was useless for the purpose for which they intended it, they rescinded the sale and returned the machine.

In stating the elements of actionable fraud predicated upon false representations, the authorities do not always employ the same terms. Local statutes are responsible for the variations to some extent, but, speaking generally, it will be found upon analysis that there is singular unanimity of views. In 26 C. J. 1062, it is said that the elements are (1) a representa-

tion; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intention that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity (7) his reliance upon its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. All these elements, however, are said to be comprehended in the more general terms: Representation, its falsity, *scienter*, deception, and injury. (26 C. J. 1063.)

In the case of *Butte Hardware Co.* v. *Knox*, 28 Mont. 111, 72 Pac. 301, where the defendant relied upon false representations of the seller to defeat the plaintiff's right to recover the purchase price of a machine, this court announced the rule that the answer must disclose with reasonable certainty the following facts: (a) That certain representations were made by the seller; (b) which the purchaser had a right to rely upon; (c) that the representations were false; (d) that the purchaser believed them to be true; (e) that he relied upon them; (f) was induced by them to make the purchase; and (g) in consequence thereof was injured. The doctrine of that case has been approved repeatedly, and has never been departed from in this jurisdiction, though the rule has not been stated in precisely the same terms on every occasion.

Measuring the pleading before us by that standard, we [4] observe (a) that it is alleged directly that Petrie made the representations set forth above. It is contended by plaintiff, however, that assuming the representations were made as alleged, they do not furnish a foundation upon which actionable fraud may be predicated. It is the general rule that to constitute actionable fraud the misrepresentation must relate to an existing fact or a fact which has existed, thereby excluding mere expressions of opinion. (*Buhler* v. *Loftus*, 53 Mont. 546, 165 Pac. 601.) An exception to the rule is illustrated in *Como Orchard Land Co.* v. *Markham*, 54 Mont. 438, 1 Pac. 274.

The representation that the machine in question was fit **[5]** and proper for the work for which defendants desired it was, under the circumstances pleaded, a representation of fact. In 1 Black on Rescission and Cancellation, section 86, it is said: "But, where an article is sold with knowledge that it is intended to be used for a particular purpose, a representation that it is fit and suitable for that special purpose is not an expression of opinion as to the future, but a representation of an existing fact."

The representation that the machine had capacity to screen and elevate from 350 to 400 cubic yards of gravel per day was likewise a representation of fact. In principle there cannot be any distinction between that statement and a statement that an engine will develop eight horse-power, that a car has a carrying capacity of 40,000 pounds, or a tank a capacity of 1,000 gallons. One is just as susceptible to demonstration as any of the others.

But assuming that the capacity of the machine was not actually known to Petrie, and might have been a proper subject upon which he could have expressed an opinion with immunity to his principal within the rule above, it does not follow that defendants have not stated as case of actionable fraud in view of the relative situations of the parties as disclosed by the answer. In 2 Pomeroy's Equity Jurisprudence, section 878, it is said: "Whenever a party states a matter which might otherwise be only an opinion, and does not state it as the mere expression of his own opinion, but affirms it as an existing fact material to the transaction, so that the other party may reasonably treat it as a fact, and rely and act upon it as such, then the statement clearly becomes an affirmation of fact within the, meaning of the general rule." This language is peculiarly applicable to this case, where the parties were not dealing upon equal terms, but where Petrie had, or was supposed to have, means of information not equally open to the defendants. (*Grim* v. *Byrd*, 32 Gratt. (Va.) 293; 26 C. J. 1085.)

[69 Mont. 65.]

In 2 Addison on Torts (Wood's ed.), section 1186, note, it is said: ' "The test by which to determine whether a representation is a mere expression of an opinion or a substantive fact is this: If the representation is as to a matter not equally open to both parties, it may be said to be a statement of fact as such, but if it is as to a matter that rests merely in the judgment of the person making it, and the means of deriving information upon which a fair judgment can be predicated are equally open to both parties, and there is no artifice or fraud used to prevent the person to be affected thereby from making an examination and forming a judgment in reference to the matter himself, the representation is a mere expression of an opinion." The text is quoted with approval in 1 Black on Rescission and Cancellation, section 77.

(b) It is not alleged specifically that the defendants had a [6] right to rely upon the representations, and the pleading would not have been aided by including such an allegation. The rule announced in *Butte Hardware Co. v. Knox*, above, does not go further than to require that the enumerated elements be made to appear with reasonable certainty from the pleading considered in its entirety. Whenever it is made to appear that the statements of the seller form a part of, or are essentially connected with, the substance of the transaction as distinguished from mere expressions of opinion, commendation or dealer's talk, and concern matters which from their nature or situation may be assumed to be within the knowledge of the seller, then it is made to appear that the purchaser had a right to rely upon them. (2 Pomeroy's Equity Jurisprudence, sec. 891.)

It appears from the answer that the representations made by Petrie related to the character and capacity of the machine in question—elements known by him to be essential to qualify the machine to meet the needs of these defendants; that he represented that he had knowledge of and skill and experience in the selection of road surfacing machinery for work similar to that upon which the defendants were engaged,

and that defendants did not have an opportunity to inspect the machine until after the purchase was made. From these allegations it is apparent that the pleading is not open to the criticism that it fails to disclose that defendants had a right to rely upon the representations made by Petrie.

(c) It is alleged that the representations were not true, and that Petrie knew that they were not true when he made them.

(d, e) While it is not alleged directly that defendants believed the representations to be true, it is alleged that they relied upon them, and this is sufficient. (*Spencer* v. *Hersam*, 31 Mont. 120, 77 Pac. 418.)

(f) It is alleged in the answer that defendants required the machine for a particular purpose; that Petrie knew the purpose for which it was intended, and with that knowledge he made the representations for the sole purpose of inducing the defendants to purchase the machine; that defendants did not have an opportunity to examine the machine in advance of the purchase; that they relied upon Petrie's knowledge, skill and experience and upon the representations made by him in purchasing the machine, and that the machine was altogether worthless for the purpose for which it was purchased. This answer reaches the limit to which any pleading may go and still be sustained; but we think it is a necessary inference from the foregoing allegations that, judging by the ordinary experience of mankind, the defendants would not in all reasonable probability have purchased the machine but for the representations made by Petrie, and this is deemed to be a fair test as to whether they were induced to make the purchase by reason of the representations. (2 Pomeroy's Equity Jurisprudence, sec. 890.)

(g) If defendants made out a paper case of actual fraud, their answer states a counterclaim for the amount paid by them for freight upon the machine.

Section 9164, Revised Codes of 1921, provides: "In the construction of a pleading, for the purpose of determining

its effect, its allegations must be liberally construed with a view to substantial justice between the parties.'' While the [9] statute does not permit this court to read into a pleading a fact necessary to make it state a cause of action, it does require that whatever is necessarily implied by a statement directly made, or is reasonably to be inferred therefrom, is to be treated as averred directly. (*Allen* v. *Bear Creek Coal Co.,* 43 Mont. 269, 115 Pac. 673.) Under this rule we think the answer meets the requirements prescribed in *Butte Hardware Co.* v. *Knox,* above.

3. In their brief counsel for plaintiff assign as error the [10] giving of Instructions 9, 10, 11 and 12; but the instructions are not set out as required by subdivision b, section 3, Rule X of the Rules of this court (59 Mont. xliv, 202 Pac. x), and since the alleged errors are not argued in the brief, they are deemed to be waived. (*Anderson* v. *Northern Pac. Ry. Co.,* 34 Mont. 181, 85 Pac. 884.)

4. It would not serve any useful purpose to review the evidence at length. There is a sharp conflict upon most of the important questions presented, but that conflict was resolved in favor of defendants. In passing we may observe that it is fairly apparent from the record that defendants' case was aided materially by the testimony of Petrie, a witness for the plaintiff. There are some facts and circumstances disclosed by the defendants' case which, presented in cold print, it would seem ought to have influenced the jury to reach a different verdict, but they are not of such character that this court can say that the verdict is not supported by a preponderance of the evidence.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.