COOK, APPELLANT, *v.* GALEN, RESPONDENT.

(No. 6,347.)

(Submitted October 10, 1928.  Decided November 27, 1928.)

[272 Pac. 250.]

Cause submitted on briefs of Counsel.

*Messrs. Gunn, Rasch, Hall & Gunn,* for Appellant.

*Mr. Henry C. Smith,* for Respondent.

MR. JUSTICE MYERS delivered the opinion of the court.

This cause is before this court upon an appeal from a judgment, for defendant, rendered upon an order of the trial

court, sustaining a demurrer to an amended complaint. Therefore, a question of pleading only is involved.

The following narrated facts are disclosed by the amended complaint. In the district court of Lewis and Clark County, Charles E. Pew and Ira T. Wight sued Isabel Dolenty. October 14, 1914, they obtained against her a judgment in the sum of $4,153.35 and it was docketed. December 21, 1914, a certified transcript of the judgment was filed in the office of the clerk of the district court of Broadwater County. In that county was and is situate certain real estate involved herein. November 6, 1918, Isabel Dolenty executed and delivered to defendant and another person a quit-claim deed to that real estate. March 3, 1919, defendant and such other person, as principals, and a surety company, as surety, executed and delivered to plaintiff a certain bond in the sum of $4,000, reciting that the principals had contracted to sell to plaintiff such real estate and by deed had conveyed it to him and had received from him therefor, as the consideration, the sum of $35,741.70 and reciting the rendition of the judgment herein mentioned and, further, that a sum not in excess of $4,000 was due thereon. The bond provided then that, if the principals thereto should cause such judgment to be fully paid, satisfied and discharged or forever hold the premises described and plaintiff free and harmless from any and all suits, damages and liability of whatsoever kind and character, by reason of the lien of such judgment upon such premises, the obligation should be null and void; otherwise, to remain in full force and effect. October 14, 1920, under and by virtue of a writ of execution, based on the judgment and issued by the clerk of the district court of Lewis and Clark County, after due notice the sheriff of Broadwater County sold such real estate, at public auction, upon the highest bid, to Charles E. Pew and Ira T. Wight, herein mentioned, for the sum of $1,000, and the sheriff issued and delivered to them a certificate of sale of the real estate so sold to them and a duplicate was filed with the county clerk.

October 12, 1921, the principals in the bond having failed and refused to pay, satisfy or discharge the judgment or redeem the real estate from such sheriff's sale, plaintiff redeemed it by paying to Pew and Wight the sum of $1,000, with interest, in all $1,120, and he received from them a certificate of redemption. Plaintiff had paid the consideration and received the deed mentioned in the bond.

All of the foregoing is alleged in the amended complaint and, in addition, in the third paragraph thereof, wherein is the allegation of the filing in the office of the clerk of the district court of Broadwater County of a transcript of the judgment, there follow, after such allegation, these words: "In which county the land described in said bond or undertaking is situated, and thereupon said judgment became a lien upon the lands and real property described in said Exhibit 'A,' then owned by the said Isabel Dolenty."

Exhibit "A," attached to the amended complaint and made a part thereof, is a copy of the bond to which we have referred. It contains a description of the real estate of which mention has been made.

Plaintiff instituted this action, to recover of defendant the sum of $1,120 and interest thereon, March 29, 1927.

Defendant demurred generally and specially to the amended complaint. As grounds of special demurrer, the demurrer specifies that the amended complaint is ambiguous in certain designated particulars; likewise, unintelligible; also, uncertain.

The demurrer was submitted to the trial court and thereafter it was sustained. The order sustaining it does not state on what ground it was sustained. Plaintiff declined to plead further. Judgment, dismissing the action and for costs, was rendered in favor of defendant and plaintiff appealed therefrom.

The appeal was submitted on briefs and, in their brief, counsel for plaintiff specify but one assignment of error, the order of the trial court in sustaining the demurrer.

Counsel for plaintiff, in their brief, contend the amended complaint states a cause of action and cite authority in support of the contention.

Counsel for defendant begins his brief with this sentence: "The only question in this case is whether the amended complaint states facts sufficient to constitute a cause of action." Thereupon he argues that it does not and cites authority in support of his argument.

A reply brief was filed by each and therein respective counsel argue to the same effect as originally.

Therefore, while there was special and general demurrer and while the trial court did not disclose which was sustained, the respective counsel have based their arguments upon the sole question of whether or not the amended complaint states facts sufficient to constitute a cause of action, raised by general demurrer, and we consider that the only question before us and we shall confine our consideration to it.

Counsel for defendant, in his briefs, makes his principal argument in support of the contention, advanced by him, that there is nothing in the amended complaint to show that the judgment rendered in favor of Pew and Wight and against Isabel Dolenty ever was a lien upon the land in question and, as a specification of the contention, says there is nothing alleged to show that Isabel Dolenty ever was the owner of the land. His briefs are replete with assertions to that effect. He refers to Isabel Dolenty as "an absolute stranger to the record title, so far as the complaint discloses." He says "there is no allegation in the complaint that Isabel Dolenty ever had the legal title to said lands or any interest therein whatsoever."

The statement, above set forth, in the amended complaint that, upon the filing in Broadwater County of a transcript of the judgment, "said judgment became a lien upon the lands and real property described in said Exhibit 'A,' then owned by the said Isabel Dolenty" counsel for defendant seems to regard as mere recital and not an allegation. If it be an

allegation, certain it is, we deem, that Isabel Dolenty is alleged to have been, at the time, owner of the land and the law would make the transcribed judgment a lien upon her land situate in Broadwater County. (Sec. 9413, Rev. Codes, 1921.)

It was a rule of common law pleading that allegations must be direct and positive and not by way of recital. (1 Chitty on Pleading, 16 Am. Ed., 336.) The same rule has been carried into Code pleading (1 Bancroft's Code Pleading, 73); but not with the strictness exacted at common law. (*Toledo, St. L. & W. R. Co.* v. *Lander,* 48 Ind. App. 56, 95 N. E. 319; *Rarter* v. *Grubb,* 56 Ind. App. 206, 102 N. E. 843; *Battrell* v. *Ohio River R. Co.,* 34 W. Va. 232, 11 L. R. A. 290, 12 S. E. 699.)

As to what constitutes recital and what, an allegation, much authority may be found but we have not found any involving the identical language being considered nor has any been cited to us.

The most common form of recital encountered in common law pleading was the *quod cum,* that is, the expression "for that whereas." Matter following was held uniformly at common law to be purely by way of recital and it is held bad in Code pleading. (*Battrell* v. *Ohio River R. Co.,* supra.) In conformity with that holding, we have the rule that "a recital is not a statement but is introductory to a statement." (Bliss on Code Pleading, 3d ed., 464.) At common law the use of the participle verb or participial phrase in pleading was not permissible and there was some tendency that way in the early stage of Code pleading but the later tendency in Code pleading is to hold that it does not vitiate a pleading. (*Toledo, St. L. & W. R. Co.* v. *Lander,* supra; *Darter* v. *Grubb,* supra; *Battrell* v. *Ohio River R. Co.,* supra.) In the opinion in the case of *Toledo, St. L. & W. R. Co.* v. *Lander,* supra, it is said that to hold that the use of the participial form of expression states a fact only by way of recital "would

340

be exceedingly technical.'' There are numerous other authorities to like effect.

In the amended complaint before us, in the clause being considered, if the word ''being'' were inserted between the words ''then'' and ''owned,'' so the clause would read (with reference to the land) ''then *being* owned by the said Isabel Dolenty,'' it would be use of the participial form of expression and by much good authority would not be bad. However, as the word ''being'' is not used, the clause is ''then owned by the said Isabel Dolenty.'' That certainly is as direct and strong as it would be if the word ''being'' had been used and, we think, more so. It does not come under the definition of Bliss on Code Pleading, supra, as ''introductory to a statement'' or introductory matter. It is not introductory; it is a statement.

As to Montana, ''sections 9164 and 9191, Revised Codes of 1921, abolish the rigorous rules of the common law, requiring the pleading to be construed most unfavorably to the pleader, and require that allegations be liberally construed with a view to substantial justice between the parties.'' (*Cramer* v. *Deschler Broom Factory,* 79 Mont. 220, 255 Pac. 346); ''in determining whether the complaint states a cause of action or entitles plaintiff to any relief, matters of form are to be disregarded'' (*State ex rel. Rankin* v. *Martin,* 68 Mont. 392, 219 Pac. 632); ''the object of pleading is to notify the opposite party of the facts which the pleader expects to prove'' (*Kozasa* v. *Northern Pac. Ry. Co.,* 61 Mont. 233, 201 Pac. 682); ''mere matters of form or defective statement, not affecting the substance, will not be held fatal, if the pleading, as a whole, shows its general intent and purpose'' (*Conrad National Bank* v. *Great Northern Ry. Co.,* 24 Mont. 178, 61 Pac. 1).

In accordance with the above quoted holdings of this court and other authority, we hold that the clause of the amended complaint being considered, ''then owned by the said Isabel Dolenty,'' is not mere recital but is an allegation of

ownership; and, while it may be a loose form of averment, we hold it is sufficient. The allegation of a lien by judgment upon the land of Isabel Dolenty, too, we deem sufficient; besides the lien is acknowledged by defendant in her bond, Exhibit "A," a part of the amended complaint.

Counsel for defendant, in his briefs, makes various other attacks upon the sufficiency of the amended complaint. He says, correctly, that the obligation of defendant's bond was a double and disjunctive one, that is, to pay the judgment against Isabel Dolenty or hold the premises (the real estate) and plaintiff free and harmless from suits, damages and liability by reason of the lien of the judgment upon the premises. He argues that, while defendant did not pay the judgment, there was no breach of the second undertaking of the obligation. In that we think him mistaken. Certainly, defendant did not hold and has not held the premises (the real estate involved) free from liability of the lien of the judgment, which lien we have held sufficiently pleaded. There was such a liability and the premises were freed of it by plaintiff, not defendant. Moreover, defendant had ample time and opportunity so to do; plaintiff did not act until the time for redemption was nearly expired and he was upon the verge of losing his property, when he had a right to act and protect himself. (3 Elliott on Contracts, 348.)

Counsel for defendant complains of the absence from the amended complaint of an allegation of damage to plaintiff. The facts alleged plainly show there was damage. "Whatever is necessarily implied by a statement directly made or is reasonably to be inferred therefrom is to be treated as averred directly." (*Connelly Co.* v. *Schleuter Bros.*, 69 Mont. 65, 220 Pac. 103.)

Counsel for defendant dwells upon the fact that at the time the land involved was sold it did not belong to Isabel Dolenty, the judgment debtor, but belonged to and stood in the names of defendant and another. There is nothing to that. We have held the complaint shows the land was owned by Isabel

Dolenty at the time of the filing of a transcript of the judgment against her and that thereupon a lien attached to the land. Afterward, she executed and delivered to defendant and another her quit-claim deed to the land; she conveyed the land subject to the lien and the lien remained in force.

Counsel for defendant argues about the construction to be ▉ put upon the bond. The terms of the bond are plain and speak for themselves. Defendant was a principal in the bond, not a surety, and the bond is to be construed ''so as to best effectuate and carry into operation the reasonable intention of the parties.'' (9 C. J. 33.)

Counsel for defendant makes some other objections to the sufficiency of the amended complaint but we do not deem them sound.

Under our liberal policy of Code pleading, as provided by statute (section 9164, Rev. Codes, 1921) and construed by the decisions of this court (*Cramer* v. *Deschler Broom Factory,* supra; *Grover* v. *Hines,* 66 Mont. 230, 213 Pac. 250; *Grant* v. *Nihill,* 64 Mont. 420, 210 Pac. 914; *Doane, Admr.,* v. *Marquisee,* 63 Mont. 166, 206 Pac. 426; *Woodward* v. *Melton,* 58 Mont. 594, 194 Pac. 154), we hold the amended complaint states facts sufficient to constitute a cause of action and that the trial court erred in sustaining the demurrer thereto.

The judgment is reversed, with direction to the district court to overrule the demurrer.

*Reversed.*

Mr. Chief Justice Callaway and Associate Justices Stark, Matthews and Galen concur.