WALKER ET AL., RESPONDENTS, *v.* HUSTAD, APPELLANT.

(No. 8454.)

(Submitted September 21, 1944. Decided December 30, 1944.)

[154 Pac. (2d) 483.]

496

*Messrs. Edmond G. Toomey, Edgar M. Hall,* and *Toomey, McFarland & Hall,* for Appellant, submitted an original and a reply brief; *Mr. Hall* argued the cause orally.

*Messrs. John W. Chapman* and *Floyd O. Small,* for Respondents, submitted a brief; *Mr. Small* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an action for damages for fraud and deceit claimed to have been practiced upon the plaintiffs (respondents) by the defendant (appellant) in selling them a house.

The defendant was a house builder and contractor and at the time of this transaction had a number of low-priced houses in the city of Helena which he was offering for sale.

Plaintiffs wanted a house and saw the defendant and were

shown the house which is here in question. It was then under construction and nearing completion—building cupboards in the kitchen, sanding the floor and painting the house. Plaintiffs looked the house over and had considerable conversation with defendant. They inquired of him about material used and the class of labor employed in the construction. They were assured all was of good quality with good construction and would be a good house.

The house was built for financing by the F. H. A. and in accordance with F. H. A. plans and specifications and under F. H. A. inspection for purpose of financing.

Plaintiffs were favorably impressed, and with the assurance given them by the defendant they decided to buy and did buy the house, paying for it the price of $4675.

It was a small house, four rooms, and building lot with garage. There were some things the plaintiffs were not entirely satisfied with. The furnace was installed in the attic, which seemed out of place for it, and they questioned whether they would get good heat results. They were assured by the defendant that it would be a good heating system for that house, and that they would be kept comfortably warm from it. About heating the basement rooms there is some controversy, but it seems they understood the attic heater would not provide for it. Also there was question about a cement walk from the front to the rear of the house and over to the garage. It seems pretty clear there was no understanding it would be built by defendant.

Plaintiffs completed the purchase and moved in the house June 5, 1941. In the early fall of the year after the house dried out there were several things about it that were unsatisfactory. There were cracks in the walls between the plastering and woodwork and the floor boards separated leaving cracks in the floor. Built-in cupboards shrunk and pulled away from the plaster. All these things not only were of damage to the house but made it unsightly. It materially lessened the value of the house.

The case was tried to a jury resulting in a verdict for the

plaintiffs for $400 damages. Judgment was entered thereon and from which there is appeal.

There are numerous specifications of error but in final analysis the case resolves itself to the question whether there is any substantial evidence to support the verdict. We see no error in the instructions and unless it be that the verdict has no substantial support in the evidence, the judgment must stand.

In the transaction between these parties the matter which was determinative of the deal was that plaintiffs were led to believe they were buying a good house. (*Stagg* v. *Stagg*, 96 Mont. 573, 32 Pac. (2d) 856; *Bump* v. *Geddes*, 70 Mont. 425, 226 Pac. 512; *Connelly Co.* v. *Schlueter Bros.*, 69 Mont. 65, 220 Pac. 103.) It was in course of construction and was being built by the one from whom the purchase was made. They were assured that only the best of material was used and that good workmanship was employed in the construction and that they would have a well-built house which would be comfortable to live in. Plaintiffs had the right to rely on these representations and the fact that they did rely upon them stands out without question.

According to their own testimony and the testimony of other witnesses who examined the house several months after, the house was not such as they bargained for. The defects were numerous and serious, large cracks in the walls, the woodwork separating from the plastering in drying, large cracks in the floor in the separation of the floor boards in drying, inadequacy of heating equipment, and other faults. These things were told to the jury by the plaintiffs and their witnesses. There was controversy in the evidence adduced by the two sides. The jury believed what the plaintiffs and their witnesses said about the defects in the house and the damage they had sustained thereby. Their evidence was substantial; there is no ground for disturbing the verdict.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS and ADAIR concur.